JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY, APPELLANT, VS. MARTIN GRIFFIN, SR., APPELLEE.

1. Where the alleged trespass is one constituting a permanent and necessary injury to the market value of plaintiff's fee in the land trespassed on, the failure of the declaration to allege that the plaintiff was in possession of the land at the time of the trespass does not render the declaration demurrable. *J., T. & K. W. R. Co. v. Lockwood ante*, p. 573, affirmed as to right to recover in one action for the entire damage done by such an injury.

2. The fact that damages for injury of a temporary nature are claimed in the same count with damages for a permanent and necessary injury does not affect the immateriality of possession as to the right to recovery for the latter injury.

3. The fact that there cannot be a recovery under one or more counts is of itself immaterial when there is in the declaration a count which is sufficient to support the recovery.

4. The fact that a count of a declaration may set up many elements that do not enter into the measure of damages is not ground of demurrer. It may be cause, under §1043 R. S., for reforming the count as calculated to embarrass the fair trial of the cause.

5. Assignments of error relating to the permission and rejection of different questions propounded to witnesses, will not be considered where neither such assignments nor the briefs point where such questions are to be found in a record of one hundred and ninety-seven pages of testimony, nor they of themselves enable the court to pass upon the proposition presented.

Appeal from the Circuit Court for Putnam county.

The facts of the case are stated in the opinion of the court.

*Fletcher & Wurtz* and *T. M. Day, Jr.,* for Appellant.

*R. W. & W. M. Davis* and *Geo. P. Fowler* for Appellee.

RANEY, C. J. :

This action was begun on March 11th, 1890. In view of its similarity to that of the same company as appellant vs. Lockwood, *ante,* page 573, with which it has been considered, hardly more than an application of the principles there determined will be necessary.

I. The demurrer is to the amended declaration, but the first ground of demurrer as set forth is that the declaration *in the first count* does not allege that the plaintiff either by himself or his agent was in possession of the premises at the time of the alleged trespass. This ground of demurrer goes, of course, only to the first count. The argument here in behalf of the ap-

pellant is: That the plaintiff, the appellee, alleges that he was in possession of the premises on January 20th, 1884, and that he is still in possession, and the trespass is alleged to have been committed March 15th, 1887, but there is in the declaration nothing to show that at the time of the trespass the plaintiff was in possession, and that an inference that he was in possession then can not be fairly drawn from the language used, as the plaintiff might have sold the premises after 1884, remained out of possession during the time of the alleged trespass, and then re-purchased just prior to the institution of this suit. This ground of demurrer is confined to want of possession, and does not extend to want of title to the freehold or fee.

In our judgment there is no merit in this point. The material trespass alleged to have been committed on March 15th, 1887, was one constituting a permanent and necessary injury to the market value of the plaintiff's fee in the land, and he is entitled to recover for such injury to his fee, whether he was in possession at the time or not. It is unnecessary to enter into any discussion of the right to recover for the entire damage in such cases; the question is fully considered and must be regarded as finally settled by the decision in the case of Jacksonville, T. & K. W. Ry. Co. vs. Lockwood *et al.*, decided at this term.

We are unable to perceive how it can be said that the conclusion announced in Florida Southern Ry. Co. vs. Brown, 23 Fla., 104, 1 South. Rep., 512, is a dictum of any one judge. It was a solemn adjudication by the entire court of the law to govern future proceedings in the cause, and this is apparent from the opinion of the court delivered by the then Chief-

JANUARY TERM, 1894.		605

J., T. & K, W. Ry. Co. v. Martin Griffin, Sr.—Opinion of Court.

Justice, McWhorter, and the disposition made of the cause.

The fact that damages for injury of a temporary nature are also claimed in the stated count, and that possession may be necessary to their recovery, do not affect the immateriality of possession as to recovery for a permanent injury. Seely vs. Alden, 61 Penn. St., 302. Of course there is in the declaration nothing from which it can be inferred that the land claimed by the plaintiff, or any part thereof, was held adversely to the plaintiff's title at the time of the alleged trespass.

II. The third and fifth grounds of demurrer are as follows: 3rd. The declaration sets up in its second, third and fourth counts many elements that do not enter into the proper measure of. damages in a suit. 5th. The depreciation in the value of the premises alleged in the fourth count is not an element of damage.

Under these grounds of demurrer it is argued at length that there can be no recovery of damages for depreciation in the market value of the property under the second, third and fourth counts of the declaration. Obviously it is immaterial that there can be no such recovery under the named counts—the 2nd, 3rd and 4th —if there can be under the first count. It is not denied here that there can be under the first count, but if it was, we are satisfied that there can be both under it and the second and fourth counts. The fact that the second, third and fourth counts may, as stated in the third ground of demurrer, set up many elements that do not enter into the measure of damages is not a good ground of demurrer; it is not ineonsistent with the fact that such counts state a good cause of action, and ground for the recovery of damages for depreciation

in the market value of the property, which it is shown above is good cause for recovery. An objection of the character stated in the third ground of demurrer may under our practice have been ground for reforming each of the counts on the ground that it was, in its present condition, calculated to embarrass the fair trial of the cause (Section 1043 R. S.), but where a count states a cause of action, improper or surplus averments don ot render it insufficient in substance or demurrable. (Section 1050 R. S.)

The briefs for appellant refer to other assignments of error which are sufficiently covered by the conclusions announced above.

III. There are other assignments of error relating to the permission and rejection of different questions propounded to witnesses, but neither the assignments of error nor the briefs point out where, in a record of one hundred and ninety-seven pages of testimony, they are to be found, nor do they of themselves enable us to pass intelligently upon the propositions presented; and we must decline to consider them.

The rest of the forty-three assignments of error are abandoned, not being mentioned in the briefs.

The judgment is affirmed.