J. FRANK MALOY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—ASSIGNING ERRORS—ARGUMENT OF COUNSEL.

1. Assignments of error predicated upon the admission or rejection of evidence must point out and specify what evidence was improperly admitted or excluded, and if they fail to do so the appellate court will not consider them.

2. Where a defendant in a criminal case testifies as a witness therein on his own behalf, and his testimony conflicts with that of a witness for the prosecution, it is not improper for the prosecuting attorney in his closing argument to the jury to remark that: "The State's witness is entirely disinterested, but that is not the case with the defendant. He stands here charged with crime, and it is his interest to screen himself."

Writ of Error to the Circuit Court for Polk county.

The facts in the case are stated in the opinion of the court.

*Eppes Tucker*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in error, under an indictment found at the Spring term, 1896, of the Circuit Court of Polk county, was tried and convicted at the Spring term, 1897, of said court, of the crime of fraudulently altering the mark of a steer, and sentenced to five years imprisonment in the penitentiary, and seeks reversal on writ of error.

The errors assigned are as follows: "1. The court below admitted improper evidence on the part of the State. 2. The court below rejected proper evidence on the part of the defendant. 3. The court below erred in permitting the objectionable remarks of the State Attorney to go to the jury, and not be withdrawn. 4. The court erred in denying the motion of the defendant in arrest of judgment. 5. The court erred in denying the motion to set aside the verdict of the jury and for a new trial. 6. The court erred in rendering a judgment in favor of the State, and against the defendant."

The first and second of these assignments of error we can not consider, as they fail to point out, identify or specify the evidence that they claim to have been admitted and rejected erroneously. Assignments of error predicated upon the admission or rejection of evidence must point out and specify what evidence was improperly admitted or excluded, and if they fail

to do so, the appellate court will not consider them. Weston vs. Moody, 29 Fla. 169, 10 South. Rep. 612; Jacksonville, Tampa and Key West Ry. Co. vs. Griffin, 33 Fla. 602, 15 South. Rep. 336; H. B. Claflin Co. vs. Rodenburg, 101 Ala. 213, 13 South. Rep. 272. One of the grounds of the motion for new trial was the exclusion of certain records of marks and brands offered by the defendants. There was no error in this ruling as the testimony offered was wholly irrelevant, and had no tendency to aid the defense or defeat the prosecution.

In the closing argument of the State Attorney to the jury he made use of the following language: "Mr. Smith, the State's witness, is entirely disinterested, but that is not the case with Maloy. He stands here charged with crime, and it is his interest to screen himself." These remarks were objected to, and the objection overruled, and such ruling constitutes the third assignment of error. There is no merit in this assignment. Maloy, the defendant, had testified as a witness on his own behalf, and the remarks objected to were a perfectly legitimate argumentative contrasting of the credibility due to the evidence of a disinterested witness produced by the State as against the interested testimony of the accused himself.

The fourth assignment of error is the denial of the defendant's motion in arrest of judgment. The ground upon which this motion was based was that, "the indictment does not charge the offense in the language of the statute, nor in language of equivalent import." The indictment charges the defendant in the following language: "That he unlawfully and fraudulently did alter, and change the mark of a certain animal, to-wit: a steer, of the goods and chattels of Carrie Wayne

Hooker and Ruth Hooker, from crop-split in one ear, swallowfork, upper and under-bit in the other, to crop-split, under-bit in one ear, and under-slope, upper-bit in the other, with intent to claim the said steer, and prevent the *indentification* thereof by the true owners."

The alleged failure of the indictment to charge the offense in the language of the statute consists wholly in the *lapsus pennæ*, occurring in the misspelling of the word *identification*, used in the statute, the indictment spelling of it being "indentification." There is no merit in this objection. The whole context of the indictment shows unmistakably that the word "identification" was intended, as there is no such word in the English language as "indentification." But, besides this, the indictment fully charged the offense when it alleged, as it does, that the defendant altered the marks of the animal *"with intent to claim the same,"* and the sentence containing the misspelled word may be treated as surplusage. Under the provisions of the statute the fraudulent alteration of the mark may be with the intent, either, *"to claim the animal,"* or "to prevent identification by the true owner thereof." This indictment charges both intents. The latter may be entirely eliminated from it, and still it charges the offense under the statute.

The fifth and sixth assignments of error both involve the sufficiency of the evidence to support the verdict. We think that the evidence adduced by the State was ample to sustain the conviction had. There was evidence on behalf of the defendant, consisting of his own testimony and that of several kinsmen, tending to show that he had purchased the animal, whose marks were altered, from a stranger temporarily sojourning in the locality, but the palpable inter-

estedness of all this testimony, and the improbable-
ness of a stranger in a community undertaking to sell
cattle known in the community for a long time to an
old resident, may have caused the jury to lend no cre-
dence to any of it, and they being the exclusive judges
of the credibility of the witnesses before them, we can
not disturb the valuation put upon it by their verdict.

The judgment of the court below is hereby affirmed.