SARASOTA ICE, FISH & POWER COMPANY, A CORPORATION, *et al. Appellants,* v. LYLE & COMPANY, A CORPORATION, *Appellee.*

1. While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witness, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

2. In equity, as well as at law, every presumption is in favor of the correctness of the ruling of the trial judge, and a final decree rendered by him based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous.

3. Where a final decree is reversed upon appeal because the trial court had never acquired jurisdiction of the person of one of the appellants, who is a necessary party, and upon such case being remanded, such party voluntarily comes in and files an answer whereby he virtually admits the allegations of the

bill in so far as they concerned him, and such cause is referred to the same master to take the testimony therein to whom it had previously been referred, and the complainant files a motion, reciting therein such above stated facts and alleging that the issues had not been changed and that it would be a great saving of time and expense to use such testimony so previously taken, whereby an order is sought directing such master to mark and file all the testimony previously taken by him, "including all exhibits, depositions, oral testimony taken and reduced to writing by him," and that he report the same, without delay, to the court for further consideration, no error is committed by the trial court in granting such motion, due notice of the time and place of the hearing thereof having been given to the defendants, who are not shown to have interposed any objections or offered any opposition thereto, but who subsequently sought and obtained an order allowing them additional time to take further testimony, and did take such testimony.

4. An assignment of error that "the court erred in adopting and making a part of its final decree the master's unauthorized finding and conclusion of fact and law as set forth and made a part of said final decree" is without force, when it is satisfactorily shown how such master's report happened to be before the court and the decree does not recite that such findings and conclusions were adopted and incorporated therein. Even if the court did so adopt and incorporate them, no error was committed thereby, provided they were warranted and supported by the evidence.

This case was decided by Division A.

Appeal from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*J. B. Singletary* and *Sparkman & Carter,* for Appellants;

*Wilson & Boswell,* for Appellee.

SHACKLEFORD, J.—The appeal in this case is presented here for the second time. For the opinion on the former appeal see Sarasota Ice, Fish & Power Company v. Lyle & Company, 53 Fla. 1069, 43 South. Rep. 602, wherein will be found a statement of the facts. As is stated therein, the final decree from which the appeal was entered had to be reversed for the reason that it appeared that the court had never acquired jurisdiction of the person of S. D. Futch, one of the appellants, although a decree *pro confesso* had been entered against him, such appellant being affected by the final decree and therefore a necessary party. We also called attention to the fact that it appeared that an order of reference had been made before all the issues had been properly made up. On the case being remanded, S. D. Futch voluntarily came in, waived the service of a subpoena upon him and filed an answer whereby he virtually admitted the allegations of the bill in so far as they concerned or affected him. The issues were all properly made up and the court thereupon made an order referring the cause to O. K. Reaves, a practicing attorney, as special master, to take the testimony therein and report the same to the court, without his findings and conclusions. Such special master was the same person to whom such cause had been previously referred, only in the first order he seems to have been directed to make and report findings and conclusions. After the making of the second order of reference, the complainant, who is the appellee here, filed a motion, due notice of the time and place of the hearing thereof being given to the defendants, reciting therein the fact of the appearance and answer of Futch, the taking of the testimony by the same master, that the issues had not been changed and that it would be a great saving of time and expense to use such testimony so previously taken, wherefore an order was sought from the court directing such

520    SUPREME COURT OF FLORIDA.

Sarasota I., F. & P. Co. *et al.* v. Lyle & Co.—Opinion of Court.

master to mark and file as evidence all the testimony previously taken by him, "including all exhibits, depositions, oral testimony taken and reduced to writing by him," and that he report the same, without delay, to the court for further consideration. This motion was granted by the court, without opposition upon the part of the defendants or without any objections being interposed by them, so far as is disclosed by the record. After the making of this order, the defendants sought and obtained from the court an order granting them fifteen days from the date thereof within which to take other and further testimony, and the defendants did take such testimony before the master. Such master filed his original report of the evidence taken before him, in obedience to the order of the court, as well as another report containing the evidence subsequently taken before him by the defendants, in accordance with the order of the court to which we have previously referred, such two reports being attached together. Such original report also contained the master's findings and conclusions as made by him at that time, the same not having been detached from the report. The cause came on for a final hearing before the court upon the pleadings and all the evidence so taken before and reported by such master, and a final decree was rendered in favor of the complainant, being substantially the same decree from which the former appeal was entered.

Twenty-three errors have been assigned by the appellants, practically all of which are insisted upon and argued. Voluminous briefs, including a reply brief by the appellants, have been filed by the respective parties, and we have also had the benefit of oral arguments from their respective counsel. The appellants lay great stress upon the evidence in support of their different contentions and quote extensive extracts therefrom in their

two briefs. The evidence so taken before the master covers a large number of typewritten pages and we have given the same our careful consideration, but shall not attempt to set it forth in this opinion or even to give a summary or synopsis thereof, for the reason that we see no useful purpose to be accomplished by so doing. We have also carefully read the briefs of counsel in support of their respective contentions and we listened attentively to their oral arguments. In view of the conclusion which we have reached, we feel that it would be fruitless labor to discuss the different assignments in detail therefore shall make no attempt to do so. It seems to us, after mature deliberation, that by the final decree, from which this appeal was entered, substantial justice has been done between the parties, and we do not feel warranted in disturbing the findings and conclusions reached and announced therein. Upon some points the evidence is conflicting and, perhaps, it is not as satisfactory in all respects as we could desire, yet there is evidence to warrant and support the decree and, following the established practice in this court by a long line of decisions, we are not disposed to interfere with it. We are not unmindful of the distinction pointed out by this court where the evidence was taken before the chancellor, who was thereby afforded the opportunity of seeing and hearing the witnesses, and where the testimony was taken before a master or examiner and no such opportunity was afforded the chancellor. See Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 231. While the findings and conclusions of a chancellor, where the testimony is not taken before him, are not entitled to the same weight as the verdict of a jury and are not so conclusive, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous. In other words, in equity, as well as at law, every presump-

tion is in favor of the correctness of the ruling of the trial judge and a decree based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous. See Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; and Mock v. Thompson, decided here at the present term. We are unable to say in the instant case that the preponderance of the evidence is against the findings of fact made by the chancellor. Neither have any reversible errors of law either in the decree or in his other rulings, upon which errors have been assigned, been made to appear to us. The contention of the appellants that the testimony should have been re-taken and that it was error to direct the special master to re-file his report is clearly untenable. Upon the showing made to the chancellor in the motion of complainant, such a direction to the master was eminently proper and correct, especially so since the defendants interposed no objections thereto. The further contention of the appellants that "the court erred in adopting and making a part of its final decree the master's unauthorized finding and conclusion of fact and law as set forth and made a part of said final decree," is also without force. We have already stated how such findings and conclusions happened to be filed with the report. The decree does not recite that the court adopted such findings and conclusions and incorporated them in the decree, but, even if the court did so adopt and incorporate them, no error was committed thereby, provided they were warranted and supported by the evidence. We have previously said that in our opinion the evidence does warrant and support the decree. No reversible error having been made to appear to us, it necessarily follows that the decree appealed from must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.

Petition for rehearing in this case denied.