JULIA L. MCMILLAN AND ROBERT H. MCMILLAN, *Appellants,* v. GODFREY S. WARREN, *Appellee.*

1. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist.

2, The matter of extending the time for the taking of testimony in an equity suit is for the court below to decide, resting within the sound judicial discretion of such court, and the

determination of this question will not be disturbed by an appellate court, unless an abuse of such discretion is plainly made to appear.

3. In preparing assignments of error, each error relied upon should be clearly and distinctly specified and separately assigned.

4. A single assignment of error attacking a plurality of rulings of the trial court, whether upon the pleadings, the admission or rejection of evidence, or the granting or refusing of instructions to the jury, will be unavailing, unless all of such rulings so grouped en masse are erroneous, and the determination by an appellate court .that one of the rulings so attacked is correct disposes of the assignment.

5. Where an assignment of error is "that the said judge of the said court severally erred in overruling the several exceptions of the defendants to the several findings and conclusions of the special master's report in said case, to-wit," and then follows a copy of the several exceptions taken by the defendants to such report, the determination by an appellate court that one of such exceptions so attacked was correctly overruled is sufficient to dispose of such assignment.

6. An assignment of error that "the master erred in the report which he made to the court" cannot be considered by an appellate court, as the appellate court reviews the action of the trial judge on such report and not the report itself.

7. Interest may be allowed in a suit in equity upon the amount of money found to be due from the defendant to the complainant from the date the same became due and payable.

8. While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

This case was decided by Division A.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan,* for Appellants;

*W. M. Bostwick Jr.,* and *Julian Hartridge,* for Appellee.

SHACKLEFORD, J.—The appellee filed his bill in equity against the appellants by which he sought to charge and subject to sale certain described property therein, alleged to be the separate property of Julia L. McMillan, a married woman and one of the appellants, for the payment to appellee of certain amounts alleged to be due him for work performed upon and materials furnished by him in the construction of certain additions to a certain building situated upon such property, with the knowledge and consent of each of the appellants. Demurrers were interposed and sustained to the original and first and second amended bills, while a demurrer was interposed and overruled to the third amended bill, but, as no error is assigned upon any of these rulings, we need not consider them. The defendants then answered the third amended bill, specifically denying the material allegations thereof by which it was sought to charge such property, but we deem it unnecessary to set forth even the substance of the pleadings, since no point is made thereon. Exceptions to the answer were overruled, a replication then filed thereto and the case then referred to a master to take the testimony therein, with directions to make a report of his findings both of law and of fact. Such master took and reported a large volume of evidence and also filed a lengthy report,

wherein he found as a matter of law and fact that the complainant was entitled to recover from the defendants the sum of $1195.59 as damages, together with costs to be taxed, and that the property described in the bill was liable for the payment thereof and subject to sale for that purpose. Both the complainant and the defendants filed exceptions to the master's report, all of which were overruled and a final decree rendered by the court based upon and in accordance with such report. From this decree the defendants have entered their appeal, assigning certain errors, and the complainant has also assigned cross-errors.

The first two assignments urged by the defendants are based upon an order of the court dated December 23rd, 1908, extending the time for taking testimony to January 15, 1909. We find that on the 14th of November, 1908, the defendants filed a petition, seeking an order extending the time for taking testimony for reasons therein set forth, and an order was made extending such time for a period of thirty days and within such time the defendants had the testimony of a number of witnesses taken, closing their testimony on the 15th day of December, 1908. It further appears in the transcript of the record that on the 23rd day of December, 1908, the court made the order complained of wherein the time for taking the testimony upon the part of the complainant was extended until the 15th day of January, 1909. The petition upon which such order was based does not appear in the transcript. Within such time the complainant proceeded to take further testimony before the master and we find that the counsel for the defendants was present thereat and, though objecting thereto, proceeded to cross-examine the witnesses offered by the complainant. It is not made to appear that the defendants desired to offer any additional testimony or that they

sought an order from the court further extending the time for that purpose.

We are.of the opinion that there is no merit in these two assignments. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge. Sarasota Ice, Fish & Power Co. v. Lyle & Co., 58 Fla., 517, 50 South. Rep. 993. We have also repeatedly held in both civil and criminal cases that it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear. See Lewis v. State, 55 Fla., 54, 45 South. Rep. 998, and authorities there cited. We have also held that the matter of extending the time for the taking of testimony in an equity suit is for the court below to decide, resting within the sound judicial discretion of such court, and the determination of this question will not be disturbed by an appellate court, unless an abuse of such discretion is plainly made to appear. See Tuten v. Gazan, 18 Fla., 751; Magbee v. Kennedy, 26 Fla., 158, 7 South. Rep. 529; Long v. Anderson, 48 Fla., 279, 37 South. Rep. 216, 5 Ann. Cas. 846; Braxton v. Liddon, 55 Fla., 785, 46 South. Rep., 324.

The third assignment is "that the said judge of the said court severally erred in overruling the several exceptions of the defendants to the several findings and conclusions of the special master's report in said case, to-wit:" Then follows a copy of the several exceptions taken by the defendants to such report, only instead of being designated by. numerals they are referred to by letters from a to i to inclusive. We have repeatedly held that, in preparing assignments of error, each error relied upon should be clearly and distinctly specified and separately assigned. Williams v. State, 58 Fla., 138, 50 South. Rep., 749. We further held in the cited case that a . single assignment of error attacking a plurality of

rulings of the trial court, whether upon the pleadings, the admission or rejection of evidence, or the granting or refusing of instructions to the jury, will be unavailing, unless all of such rulings so grouped en masse are erroneous, and the determination by an appellate court that one of the rulings so attacked is sufficient to dispose of the assignment. Other decisions of this court will be found collected in the cited case. We have also held that the appellate court reviews the action of the trial judge on the report of a master in equity causes, and not the action of the master *per se,* therefore an assignment of error that "the master erred in the report which he made to the court" cannot be considered. Braxton v. Liddon, 55 Fla., 785, 46 South. Rep., 324. In the assignment under consideration, each subdivision thereof is prefaced with the statement "that the said master has erred," the supposed error then being pointed out. We are of the opinion that the decisions of this court which we have cited are sufficient to dispose of this assignment adversely to the contention of the defendants. No error is made to appear to us in the overruling of the exceptions of the defendants to the master's report.

The fourth assignment questions the correctness of the final decree in allowing the complainant interest upon the sum of $1086.90 from the 23rd day of October, 1906, at the legal rate. We find that $1086.90 was the amount found by the master to be due from the defendants to the complainant, exclusive of the amount of solicitor's fees, which the master fixed from the testimony taken before him at the sum of $108.69, which solicitor's fee is not included in the final decree and evidently was not allowed by the court. We are of the opinion that no error is made to appear here. The evidence shows that the work was completed and notice to that effect was served on the defendants by the complainant and a demand made for

the balance due. 'The case of Sullivan v. McMillan, 37 Fla., 134, 19 South. Rep. 340, would seem to be conclusive upon this point. This case will also be found reported in 53 Amer. St. Rep. 239, with an instructive note appended thereto, wherein a number of authorities are collected.

The fifth and last assignment by the defendants is that the "court erred in making said final decree;" while the two cross-assignments by the complainant are based upon the overruling of his exceptions to the master's report. We find that upon a number of points there was decided conflict in the testimony and in some respects it is not entirely satisfactory, all of which the master frankly states in his report. The complainant did not recover all he claimed, therefore he is dissatisfied, while the defendants contend that he is not entitled to the amount the master found to be due him. A careful examination of the evidence convinces us that the decree seems to be warranted thereby, and we think substantial justice has been done between the parties litigant. For these reasons we must refuse to disturb the decree. See Sarasota Ice, Fish & Power Co. v. Lyle, 58 Fla., 517, 50 South. Rep., 993, and authorities therein cited. We would add that this suit was brought under Section 2 of Article XI of the Constitution of Florida. See the case of McGill v. Art Stone Construction Co., 57 Fla., 498, 49 South. Rep., 539, and prior decisions of this court there cited.

No error having been made to appear to us, the decree must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.