S. B. BRANNON, AND VILLILLEAR BRANNON, *Appellants,* v.
E. J. BLUME, *Appellee.*

1.  While the findings and conclusions of a chancellor, where the evidence is not taken before him but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

2.  In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows it to be erroneous.

This case was decided by Division A.

Appeal from the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*A. B. & C. C. Small,* and *A. J. Henry,* for Appellants;

*Rees & Rees,* for Appellee.

SHACKLEFORD, J.—E. J. Blume, as complainant, filed his bill in chancery against S. B. Brannon and Villillear

Brannon, his wife, as defendants, for the foreclosure of a mortgage on certain described realty and personalty. The original bill was amended, the defendants filed an answer, to which the complainant filed exceptions, which were sustained. A plea was also filed by the defendants, which was afterwards amended by permission of the court, and also an amended answer. The sufficiency of the amended plea was tested by setting the same down for a hearing, at which an order was made sustaining such plea. Issue was then joined on the plea, a replication filed to the answer, and an examiner appointed to take the testimony in the cause. The cause came on for a hearing upon the pleadings and upon the testimony reported by such examiner, and a decree was rendered by the court, finding that the equities were with the complainant and referring the cause to a special master "to make and state an account of the amount due the complainant from the defendant on account of said mortgage debt, and to hear testimony and report to the court what sum would be a reasonable fee to be allowed complainant's solicitors for their services in this cause." The cause came on for a final hearing upon the report of such special master, and a final decree was rendered, confirming such report, ascertaining and fixing the amount due the complainant for principal and interest and also for solicitor's fee, and ordering a sale of the mortgaged property for the satisfaction of such indebtedness, with the exception of certain described cattle, claimed to be embraced in the mortgage, upon which it was found that the complainant had no lien. From this decree the defendants have entered their appeal. Several errors are assigned, which question the correctness of the decree. They are practically discussed together by the respective parties, and we shall so treat them. We see no useful

purpose to be subserved by setting out the respective pleadings. By their plea the defendants claimed that the indebtedness, which the complainants alleged to be due him, was tainted with usury and they undertook to set up that as a defense. By their answer the defendants averred that the mortgaged real estate constituted the homestead of the defendants and that Villillear Brannon, the wife of S. B. Brannon did not execute the mortgage "freely and voluntarily and without any fear, constraint, compulsion or apprehension of or from her said husband," that she was misled and deceived by the officer taking her acknowledgment, and that his certificate of acknowledgment appended to such mortgage was untrue. The amount of indebtedness alleged in the bill to be due the complainant was also disputed and denied in the answer, and it was also denied therein that the mortgage was a valid lien upon the stock of cattle described.

The record is somewhat confused, and the evidence is more or less conflicting, but we are of the opinion that usury does not appear and that substantial justice has been meted out to the respective parties. We are further of the opinion that none of the assignments have been maintained, in consequence whereof the decree appealed from must be affirmed.

WHITFIELD C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.