Dozier S. Lovett, *Appellant,* v. E. S. Armstrong, *Appellee.*

1. Under the provisions of rule 18, Supreme Court Rules, adopted March 2, 1905, (page 11 of such rules prefixed to 51 Fla., 37 South. Rep., VIII) no objection will be allowed to be taken in the appellate court to the admissibility of any evidence, oral or documentary, found in the record in a chancery cause, unless the record affirmatively shows that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, at or before the final hearing of the cause. Every matter purporting to be evidence, found copied by the clerk into the record in such cause,

will be presumed to have been used in evidence in the court below, unless the record affirmatively shows the contrary.

2. While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

3. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous.

This case was decided by Division A.

Appeal from the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*T. L. Clarke,* for Appellant;

*Chas. E. Davis,* for Appellee.

SHACKLEFORD, J.—On the 11th day of February, 1909, the appellant filed a bill in chancery against the appellee, wherein he alleged that he was the owner in fee of certain described lands and in the actual possession thereof, which possession began immediately upon the execution of a warranty deed thereto by Martha Dutton to him, the appellant, on the 19th day of December, 1905, and had been continuous since such date; that, at the date of such purchase, a careful inspection and search of the public

records of Madison county, wherein such lands are situate, disclosed no adverse claims to or encumbrances upon such lands, and that Martha Dutton, the appellant's grantor, represented to him that no encumbrances existed thereon; that, on or about the 8th day of January, 1909, the appellee had entered upon such lands with a large force of hands, against the warning, protest and objection of the appellant and without authority of law, and was cutting, boxing and working for turpentine the pine trees growing upon such lands. The bill also contains other allegations which we do not deem it necessary to set forth. The prayers were for a temporary and perpetual injunction and for general relief. The oath to the answer was expressly waived.

On the 24th day of February, 1909, the circuit judge granted a restraining order, in accordance with the prayer of the bill, reciting therein that the cause had come on to be heard upon the bill of complaint and the application for such order and had been argued by counsel for both the appellant and appellee.

On the        day of                , 1909, (day and month left blank in the transcript) the appellee filed his answer under oath, in which he denies practically all the equities in the bill upon which the appellant bases his claim for the relief sought. It is admitted therein that the lands were conveyed to the appellant by Martha Dutton, as alleged, and that, at the date of the execution thereof the public records of Madison county "did not show that there was a valid and subsisting lease of the timber suitable for turpentine purposes growing on the said land," but the appellee "denies that the complainant had not actual notice or knowledge of the existence of such a lease previously executed by the said Martha Dutton, and alleges the contrary thereof to be true." The answer fur-

ther denies that the appellee is a trespasser upon the lands in question or that he is working the timber thereon without authority of law. On the contrary, it is averred therein that the appellee entered upon such lands and was turpentining the timber thereon under and by virtue of a lease executed by Martha Dutton, the appellant's grantor, which by transfer and assignment had become the property of the appellee. We have not undertaken to give a full synopsis of either the bill or answer and do not deem it necessary to make any mention of the respective exhibits attached to each. A replication was filed to the answer and an examiner appointed to take the testimony therein. After the respective parties litigant had taken such testimony therein as they thought proper, the cause came on for final hearing upon the pleadings and the testimony so taken, and a final decree was rendered in favor of the appellee, dissolving the restraining order and dismissing the bill of complaint, at the cost of the appellant. From this decree the appellant has entered his appeal.

The first two assignments are based upon the admission in evidence of certain specified documents offered by the appellee. It is unnecessary to describe such documents or to set forth the grounds of objection urged against their admissibility. It is sufficient to say that the examiner was not empowered or authorized to make any rulings upon proffered testimony and, as a matter of fact, so far as is disclosed, did not attempt to rule thereon. As we have several times held, under the provisions of rule 18, Supreme Court Rules, adopted March 2, 1905, (page 11 of such Rules prefixed to 51 Fla., 37 South. Rep. VIII) no objection will be allowed to be taken in the appellate court to the admissibility of any evidence, oral or documentary, found in the record in a chancery cause, unless

the record affirmatively shows that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, at or before the final hearing of the cause. Every matter purporting to be evidence found copied by the clerk into the record in such cause, will be presumed to have been used in evidence in the court below, unless the record affirmatively shows the contrary. Dallam v. Sanchez, 56 Fla., 779, 47 South. Rep., 871, wherein prior decisions of this court will be found cited. As no ruling is shown to have been made upon the objections interposed to such documentary evidence, we must hold that these two assignments have not been sustained.

The third and fourth assignments attack the correctness of the final decree and question the sufficiency of the evidence to sustain it. Upon some points the evidence is conflicting and it is not as satisfactory in all respects as we could desire, yet there is evidence to warrant and support the decree, and, following the established practice in this court by a long line of decisions, we are not disposed to interfere with it. While the findings and conclusions of a chancellor, where the testimony is not taken before him, are not entitled to the same weight as the verdict of a jury and are not so conclusive, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous. In other words, in equity as well as at law, every presumption is in favor of the correctness of the ruling of the trial judge and a decree based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous. Sarasota Ice, Fish & Power Co. v. Lyle & Co., 58 Fla., 517, 50 South. Rep., 993, and Viser v. Willard, 60 Fla. 395, 53 South. Rep., 501. We have given the pleadings and all the evidence

adduced our careful consideration, aided by the briefs of the respective counsel, and after doing so are of the opinion that no reversible error has been made to appear to us. It follows that the decree must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.