Z. M. C. BAXTER, *et al.,* *Appellants,* v. C. C. LIDDON, *Appellee.*

1. Under the provisions of rule 18, Supreme Court Rules, adopted March 2, 1905 (page 11 of such rules prefixed to 51 Fla. 37 South. Rep. viii), no objection will be allowed to be taken in the appellate court to the admissibility of any evidence, oral or documentary, found in the record in a chancery cause, unless the record affirmatively shows that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, at or before the final hearing of the cause. Every matter purporting to be evidence, found copied by the clerk into the record in such cause, will be presumed to have been used in evidence in the court below, unless the record affirmatively shows the contrary.

2. While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or

examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

3. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely and solely upon questions of fact, will not be reversed, unless the evidence clearly shows that it was erroneous.

This case was decided by Division A.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Thomas E. Walker,* for Appellants;

*Paul Carter,* for Appellee.

SHACKLEFORD, J.—The appellee filed his bill in chancery against the appellants in which he sought to enjoin the prosecution of an action of ejectment which had been instituted against him by the appellants, also a decree to the effect that the appellee had an equitable title to the land in dispute, that the appellants be required to convey the same to him by good and sufficient deeds, and that he might have general relief. The appellants filed an answer to the bill, in which they denied practically all the equities of the bill, a replication was filed thereto and the cause referred to a special master or examiner to take and report the testimony of the witnesses produced by the respective parties litigant. A restraining order or

temporary injunction had previously been granted by the chancellor, in which it was recited that all parties had notice of the time and place of hearing the application for the same. The cause came on for a final hearing upon the pleadings and upon the testimony so taken and reported by the special master, and a final decree was rendered in favor of the appellee, in accordance with the prayers of his bill. From this decree the appellants have entered their appeal and have assigned as errors the granting of the temporary injunction, the denial of the motion of the defendants for a dissolution of the same and the rendering of the final decree.

The pleadings are in rather a confused state, but none of them seem to have been attacked or called in question. Evidently the special master was not empowered to pass upon objections to proffered testimony and much irrelevant and extraneous matter was introduced, but the record does not affirmatively show that any of the objections interposed to such testimony were presented to and ruled upon by the chancellor, either at or before the final hearing of the cause. This being true, we cannot pass upon any of such objections, but must presume that all the matter copied by the clerk into the record purporting to be evidence was used as evidence in the court below. Lovett v. Armstrong, 61 Fla. 681, 54 South. Rep. 381.

No useful purpose could be subserved by setting forth either the pleadings or the evidence. As we have already said, the record is confused. There is also more or less conflict in the testimony upon some of the material points, but the chancellor found that the equities were with the complainant and rendered a decree in his favor. We are of the opinion that the evidence supports the decree and that substantial justice has been meted out to the respective parties. See Sarasota Ice, Fish & Power Co. v. Lyle,

58 Fla. 517, 50 South. Rep. 993; Viser v. Willard, 60 Fla. 395, 53 South. Rep. 501; Lovett v. Armstrong, 61 Fla. 681, 54 South. Rep. 381; Brannon v. Blume, 61 Fla. 505, 55 South. Rep. 549. A more extended discussion does not seem called for or advisable. No reversable error having been made to appear, the decree must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.