ADA RUSSELL *et al.*, *Appellants*, v. EDWARD STICKNEY, *Appellee.*

1. If a complainant in a suit in equity desires to avoid the probative force of a sworn answer, he may do so by expressly waiving the oath in his bill. Where the complainant fails to do this, an answer under oath, in so far as it is responsive to the allegations of the bill and direct, positive and unequivocal in its terms, is evidence in favor of the defendant, in order to overcome which two witnesses are required, or one witness and corroborating circumstances.

2. Where a bill in equity alleges that the complainant is seized and possessed of land and the sworn answer, where the oath has not been waived, denies such seizen and possession, the burden is upon the complainant to prove the seizen and possession by sufficient evidence.

3. Right of possession of land is incident to a legal title, and a person who has a legal title is presumed to be in possession, but such legal presumption is rebuttable and may be overcome by proof.

4. The entry and possession of one tenant in common is presumed to be for the benefit of all and will be regarded as the possession of all the tenants, until rendered adverse by some act or declaration by the tenant in actual possession repudiating the interest of the other tenants in the property.

5. As to when the laches of a co-tenant will defeat a proceeding instituted by him for a partition of land must largely depend upon the facts and circumstances of each individual case.

6. In a proceeding for partition of land, where the proofs show a good deed of conveyance from the principal defendant to the ancestor of the complainants and of the two infant defendants, to an undivided one-half interest in the land but fail to show any actual ouster of the complainants or their ancestor, the fact that the proofs show merely that such ancestor and the complainants have never exercised any acts of ownership over the land or demanded any accounting for the rents and profits is not such a showing of laches as to destroy the legal title or to defeat the right of the complainants to have the land partitioned.

This case was decided by Division A.

Appealed from the Circuit Court for Monroe County.

The facts in the case are stated in the opinion of the court.

*W. Hunt Harris* and *H. H. Taylor,* for Appellants;

*L. W. Bethel* and *F. T. Myers,* for Appellee.

SHACKLEFORD, J.—This is a suit brought by Ada Russell and other named complainants against Edward Stickney and two other named defendants for the partition of certain described lands, which suit resulted in a final decree being rendered in favor of the defendant, Edward Stick-

ney. From this decree the complainants and the other two defendants have entered their appeal to this court.

A very succinct statement of the bill is that it alleges that on the 12th day of May, 1882, Edward Stickney by a certain deed, duly executed and acknowledged, conveyed an undivided one-half interest in and to certain described lands, of which partition is sought, to Silvanus Pinder, who, upon the receipt of such deed "entered into possession of the said real estate as a tenant in common with the said Edward Stickney, and continued in the possession as aforesaid, and while in said possession as aforesaid, the said Silvanus Pinder on the 28th day of February, A. D. 1891, departed this life intestate, "leaving as his sole heirs at law his children, who are the complainants, and another daughter, Alice Sweat, who has subsequently also departed this life intestate, leaving as her sole heirs at law two children, who were infants and were made co-defendants with Edward Stickney.

After having unsuccessfully interposed a demurrer to the bill, Edward Stickney filed a sworn answer thereto, the oath to the answer not having been waived in the bill, in which he admitted the execution of the deed as alleged but denied that Silvanus Pinder had ever entered into the possession of any part of the land, or was in possession thereof at the time of his death, or that he or his heirs had ever been in such possession. On the contrary, the defendant positively averred that he had "been in absolute control, and possession from the day he made his homestead entry up to the filing of this answer," and that at no time did Silvanus Pinder during his life-time or his heirs at law, subsequent to his death, ever claim any portion of the proceeds arising from the crops which the defendant had raised upon the land by his own exertions, "but on the contrary have at all times acquiesced

in the control and management of said lands by the de-. fendant." A replication was filed to the answer and a special master appointed to take testimony of the respective parties. A number of objections were interposed to certain proffered testimony, all of which were presented to the Chancellor at the final hearing of the cause, and expressly ruled upon by him, as is provided by our rule relating thereto. See Lovett v. Armstrong, 61 Fla. 681, 54 South. Rep. 381.

At such final hearing, as we have previously said, a decree was rendered in favor of the defendant, Stickney, and the bill dismissed. In such decree the Chancellor sets out certain facts which he finds "established by the undisputed testimony." After reciting the execution of the deed by Stickney to Pinder to an undivided one-half interest in the land, on the 12th day of May, 1882, the decree proceeds as follows:

"That the defendant has ever since remained in the exclusive possession of said tract of land, paying the taxes, cultivating it and enjoying the rents, issues and profits thereof without let or hindrance, and that no assertion of ownership or possession was made by Sylvanus Pinder up to his death on February 28th, 1891, nor any such assertion made by his heirs, the complainants, up to the filing of this bill on January 3rd, 1910, a period of nearly eighteen years after the execution of the deed to Pinder.

While in a court of law the possession of one tenant in common, in the absence of acts constituting an ouster, is the possession of his co-tenant, yet courts of equity favor diligence and are loath to enforce claims when the claimants are shown to have been guilty of laches for a long period of time.

It is considered by the court that the claim of the com-

plainants to the land in controversy or any interest therein is stale; wherefore it is ordered and decreed that the prayer of their bill be denied, and the bill dismissed at complainant's cost."

In view of the conclusion which we have reached, it becomes unnecessary to discuss all the errors assigned. We are of the opinion that error was committed in overruling some of the objections interposed by the complainants to certain proffered testimony of the defendant Stickney, but such erroneous rulings resulted in no injury to the complainants. Discarding all of the testimony so erroneously admitted, we would still be impelled to the same conclusion.

We have called attention to the fact that the answer of the defendant Stickney was under oath, therefore, in so far as it was responsive to the allegations of the bill and direct, positive, and unequivocal in its terms, was evidence in his favor, in order to overcome which two witnesses were required, or one witness and corroborating circumstances. If the complainants had wished to avoid the probative force of a sworn answer they could have done so by expressly waiving the oath in their bill. Kahn v. Weinlander, 39 Fla. 210, 22 South. Rep. 653, and Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95. The answer positively denies that either the complainants or their ancestor, through whom they claim, were ever in possession of the land or exercised any acts of ownership over the same, which was clearly responsive to the bill. The only evidence adduced upon this point by the complainants was the production of the deed executed by such defendant to their ancestor, the execution of which the defendant had admitted in his answer. We held in McGourin v. Town of DeFuniak Springs, 51 Fla. 502, 41 South. Rep. 541, that "Where the bill alleges that the complain-

ant is seized and possessed of land and the sworn answer, where the oath has not been waived, denies such seizing and possession, the burden is upon the complainant to prove the seizing and possession by sufficient evidence." It is true, as we held in Levy v. Cox, 22 Fla. 546, that, "right of possession of land is incident to a legal title, and a person who has a legal title is presumed to be in possession," but it is also true that this legal presumption may be overcome by proof, just as possession of personal property is *prima facie* evidence of ownership, but such presumption is rebuttable and may be overcome. Adams v. Board of Trustees I. I. Fund, 37 Fla. 266, 20 South Rep. 266, and American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South Rep. 942, 16 Amer. & Eng. Ann. Cas. 1054. Also see Bass v. Ramos, 58 Fla. 161, 50 South Rep. 945, as to the legal presumption from the possession of land and that such presumption may be rebutted and overcome by proof. It is further true that "the entry and possession of one tenant in common is presumed to be for the benefit of all; and will, in the absence of a statute to the contrary, be regarded as the possession of all the tenants, until rendered adverse by some act or declaration by him repudiating their interest in the property." 38 Cyc. 21. But, as we ourselves, have held, such possession by one co-tenant is only prima facie that of the other, since there may be an ouster of one co-tenant by another. Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391.

It must be admitted that the points presented upon this appeal are not free from difficulty. There is more or less conflict in the authorities as to when the laches of a co-tenant will defeat a proceeding instituted by him for a partition of land. See 30 Cyc. 190, and authorities cited in notes. We would also refer especially to the exhaustive

note to the case of Joyce v. Dyer, beginning on page 609 of 109 Amer. St. Rep. We shall not enter into a discussion of this question. The facts and circumstances of each individual case must necessarily largely determine the answer. In the peculiar facts and circumstances of this case we encounter the principal difficulty in reaching a conclusion. It is doubtless true, as was held in Thomas v. Gravin, 15 N. C. 223, 25 Amer. Dec. 708: "A proceeding for partition at law cannot take place except there be a common possession, and a common possession is always implied from a common title until the contrary be shown. But if an actual ouster be made by one tenant in common with his co-tenant, there is no longer a common possession, and the remedy is not by petition for partition, but by ejectment to recover possession of the individual moiety. The sole enjoyment of the property by one of the tenants is not, of itself, an ouster, for his possession will be understood to be in conformity with right, and the possession of one tenant in common, as such, is in law the possession of all the tenants in common. But the sole enjoyment of property for a great number of years, without claim from another, having right and under no disability to assert it, becomes evidence of a title to such sole enjoyment; and this not because it clearly proves the acquisition of such a right, but because, from the antiquity of the transaction, clear proof cannot well be obtained to ascertain the truth, and public policy forbids a possessor to be disturbed by stale claims, when the testimony to meet them cannot easily be had. Where the law prescribes no specific bar from length of time, twenty years have been regarded in this country as constituting the period for a legal presumption of such facts as will sanction the possession and protect the possessor."

In the instant case the proofs do not show that there

was ever any actual ouster by the defendant Stickney of the complainants or of their ancestors but only that from the date of the deed by the defendant to Silvanus Pinder, on the 12th day of May, 1882, until his death on the 28th day of February, 1891, Pinder never exercised any acts of ownership over the lands or demanded any accounting for the rents and profits, and that neither had his heirs at law done so since his death. We cannot get our consent to hold that this showing of laches is sufficient to destroy the legal title which the complainants and the two infant defendants had to an undivided one-half interest in and to the land in question or to bar their right to have the same partitioned. No authority directly on point is cited to us, and we have been unable to find any. We think that the decree should be reversed and the case remanded for such further proceedings as the parties may be advised and as will be in accordance with this opinion.

Decree reversed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.