NICK ROGERO, *Appellant*, v. MARY ANTONIO ROGERO, *Appellee*.

Opinion Filed June 17, 1913.

1. A resulting trust in real estate may be proved by parol, but the evidence to establish it must be so clear, strong and unequivocal as to remove from the mind of the chancellor every reasonable doubt as to the existence of the trust.

2. If a complainant in a suit in equity desires to avoid the probative force of a sworn answer, he may do so by expressly

· waiving the oath in his bill. Where the complainant fails to do this, an answer under oath, in so far as it is responsive to the allegations of the bill and direct, positive and unequivocal in its terms, is evidence in favor of the defendant, in order to overcome which two witnesses are required, or one witness and corroborating circumstances.

3.  In a suit to have a constructive trust decreed, proof that is not full, clear and convincing, nor so clear, strong and unequivocal as to remove every reasonable doubt as to the existence of the alleged constructive trust, is insufficient to establish the trust.

Appealed from Circuit Court of Osceola County; J. W. Perkins, Judge.

Decree affirmed.

*Andrew Johnson,* for Appellant;

*Pat Johnston,* for Appellee.

WHITFIELD, J.—Nick Rogero brought suit against his wife alleging in effect that he accumulated some money and invested it in real estate and "by reason of some error" the title was taken in the name of the wife alone. The prayer in effect is that a resulting trust in favor of the complainant be decreed. By answer under oath, the oath not being waived, the defendant in effect denied that the property was paid for with complainant's money, and averred that the purchases were made with her money, and that the deed to defendant "was executed in the presence of the complainant, and at his request." Replication was filed and testimony taken. From a decree dismissing the bill of complaint and dissolving a temporary injunction the complainant appealed.

A resulting trust may be proven by parol, but such proof must be full, clear and convincing. Johnston v. Sherehouse, 61 Fla. 647, 54 South. Rep. 892.

A resulting trust in real estate may be proved by parol, but the evidence to establish it must be so clear, strong and unequivocal as to remove from the mind of the chancellor every reasonable doubt as to the existence of the trust. Geter v. Simmons, 57 Fla. 423, 49 South. Rep. 131.

If a complainant in a suit in equity desires to avoid the probative force of a sworn answer, he may do so by expressly waiving the oath in his bill. Where the complainants fail to do this, an answer under oath, in so far as it is responsive to the allegations of the bill and direct, positive and unequivocal in its terms, is evidence in favor of the defendant, in order to overcome which two witnesses are required, or one witness and corroborating circumstances. Russell v. Stickney, 62 Fla. 569, 56 South. Rep. 691.

The defendant answered under oath and the probative force of the answer was not overcome by two witnesses, or by one witness and corroborating circumstances. Nor is the proof of a resulting trust full, clear and convincing, or so clear, strong and unequivocal as to remove every reasonable doubt as to the existence of the alleged constructive trust. In this condition of the proofs the chancellor did not err in dismissing the bill of complaint and in dissolving the preliminary injunction that had been granted.

The decree appealed from is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.