MARGARET EVANS, *et al., Appellants,* v. FLORENCE JOHNSON, *et al., Appellees.*

Opinion Filed November 24, 1914.

A chancellor will not be held in error for decreeing partition of lands among the heirs of a common ancestor who it is conceded had title, the adverse claim of one of the heirs being that she furnished the consideration for the title that was made to her mother, when the ancestor has been dead many years and the evidence adduced to establish a resulting trust is not convincing beyond a reasonable doubt.

Appeal from the Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Decree affirmed.

*Sparks & Jennings,* for Appellants;

*C. B. Peeler,* for Appellees.

WHITFIELD, J.—This appeal is from a decree for the partition of land among the heirs of a common ancestor. It is conceded that the common ancestor received a deed of conveyance of the land and lived on a portion of it till she died more than twenty years ago. But it is contended that a daughter who lived on a portion of the land furnished the consideration for the conveyance made to the mother and that a trust results in favor of the daughter as against the other heirs.

In Geter v. Simmons, 57 Fla. 423, 49 South. Rep. 131, it was held that a resulting trust will not be decreed in favor of those who claim to have furnished the consideration for a conveyance of land made to another, when the person who had title had been dead many years and the evidence adduced to destroy such title is not so convincing as to establish the essential facts beyond a reasonable doubt. See Rogero v. Rogero, 66 Fla. 6, 62 South. Rep. 899.

There is evidence that the daughter furnished the consideration, and that she intended the mother to have only a life interest in the land, but this contradicts the conceded terms of the deed of conveyance to the mother, and it cannot be said on the entire evidence that the chancellor erred in decreeing partition and in effect rejecting the claim of a resulting trust in favor of the daughter who sought to prove that she furnished the consideration for the conveyance to the mother. Criticisms are here made of the nature and condition of the deed of

conveyance to the mother admitted in evidence, but the deed does not appear in the record and is not sent here for inspection under the rule on that subject. Apparently the decree is correct and the appellants have not performed their burden of showing reversible error in the decree, it is therefore affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.