**CALLENDER v. BARRY et al.**

No. 8278.

Circuit Court of Appeals, Fifth Circuit.

June 10, 1937.

*Not being upon the ground of newly discovered evidence, the motion did not come within subdivision (3) of rule 2.

K. I. McKay and Maynard Ramsey, both of Tampa, Fla., for appellant.

S. Henry Harris, J. E. Kennedy, and J. Uhle Bethell, all of St. Petersburg, Fla., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

In this case it appears from the record that Wm. D. Callender was the owner of certain property in Mariners Harbor, Staten Island, N. Y., and on June 5, 1912, he conveyed it by a warranty deed to his unmarried sister, Elizabeth S. Callender. On May 20, 1915, she exchanged it for certain property in St. Petersburg, Fla., generally described as lots 8 and 9 in McClung's subdivision, owned by James T. MacLean and his wife. In perfecting the exchange warranty deeds were executed by said parties to each other. Wm. D. Callender died in 1931, bequeathing all his property then possessed to his widow, Irene H. Callender, appellant. Elizabeth S. Callender died in 1934, bequeathing the St. Petersburg property to appellee, the Rt. Rev. Patrick Barry, bishop of the diocese of St. Augustine, Fla., as trustee, for the use and benefit of St. Mary's Roman Catholic Church in St. Petersburg, Fla. This suit was instituted in December, 1934, by appellant claiming title to the property in St. Petersburg under the last will of her husband and alleging that it was held in trust by Elizabeth Callender for the benefit of herself, her father and her mother, who had died before her, during their lifetimes.

The District Court held there was no evidence to show that either the Staten Island or the St. Petersburg property was held in trust by Elizabeth Callender and denied the contention of appellant that, on the prima facie showing made, the burden of disproving the trust had shifted to appellees. Error is assigned to these rulings.

It appears from the record that Wm. D. Callender resided with his father, mother, and sister on the Staten Island property until his marriage, which occurred on June 8, 1912, three days after he had con-veyed that property to his sister. He then moved to Chicago where he engaged in the business of publishing a trade paper. After the St. Petersburg property was acquired he paid for building a house on it and regularly paid the taxes until his death. His father had an income of $100 a month, pensions from the city of New York, of which he was a former employee, and from the United States, as a Civil War veteran. His mother had a small income, the exact amount of which is not shown. At her death she left an estate of approximately $1,000, which the sister invested in an annuity for the benefit of herself and a brother Thomas. William D. Callender gave his sister an income of about $40 a month until the death of the mother and then reduced it to $30 a month. She had never worked and had no other income. She was about 65 years old when she died. There was nothing to show that an express trust was ever created in either property in writing or by parol. Statements made by Wm. D. Callender during his lifetime, admitted without objection, tended to show that he intended to provide a home for his father, mother and maiden sister and to supplement their income so that they could live comfortably. His deeding of the property to his sister in full ownership is as consistent with that intention as would have been the establishing of a life trust for them in it. He was about to remove to another home and he may well have thought it advisable to donate the property to his sister to avoid complications that might arise in the future from business reversals or because of his marriage.

Fraud does not enter as an element in the case. The evidence was not sufficient to support a prima facie presumption that a trust was intended to be created. The burden of proof did not shift to appellees. We agree with the conclusions of the District Court. Rogero v. Rogero, 66 Fla. 6, 62 So. 899; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Brown v. Brown, 106 Fla. 423, 143 So. 737.

The record presents no reversible error.

Affirmed.