H. H. MOCK, L. E. MOCK AND IRA A. HUTCHINSON, *Appellants,* v. GREEN B. THOMPSON, *Appellee.*

1. While the findings and conclusions of a chancellor, where the testimony is not taken before him but before an examiner or master and the Chancellor is not afforded the opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury and are not so conclusive, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

2. In equity, as at law, every presumption is in favor of the correctness of the ruling of the trial judge, and a decree based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous.

This case was decided by Division A.

Appeal from the Circuit Court for Washington County.

The facts in the case are stated in the opinion of the court.

*Liddon & Carter,* for Appellants;

*W. B. Farley,* for Appellee.

SHACKLEFORD, J.—The appellee as complainant filed his bill in equity against the appellants as defendants in which he sought the cancellation of two certain deeds of conveyance purporting to have been executed by the complainant to Mrs. L. E. Mock, one of the appellants, as well as the cancellation of a certain deed of conveyance from Mrs. L. E. Mock and her husband, H. H. Mock, to Ira A. Hutchinson, their co-defendant, an injunction and general relief. A joint answer was filed by H. H. Mock and L. E. Mock and a separate answer by Ira A. Hutchinson denying practically all the material allegations in the bill. The two Mocks also filed a cross-bill, to which the complainant filed an answer, general replications were filed and an order was made appointing a special master to take the testimony of the respective parties. Temporary injunctions or restraining orders were issued both against the defendants and the complainant. Voluminous testimony was taken before such special master and the cause came on for final hearing upon the pleadings and such testimony, at which hearing a final decree was rendered to the effect that all the equities were with the complainant, that he was entitled to the relief prayed, and that the defendants were not entitled to the relief sought by their cross bill. The temporary injunction against the complainant was dissolved and the temporary injunction against the defendants was made perpetual. The specific relief prayed by the complainant was granted and the costs ordered taxed against the defendants. Four errors

are assigned, all of which are based upon and question the correctness of the final decree. The pleadings are quite lengthy and, as we have already said, the testimony taken is voluminous. We have carefully read the transcript of the record as well as the briefs of the respective counsel, and are of the opinion that no error has been made to appear to us. Practically no questions of law are presented to us. There is considerable conflict in the testimony, but the court below found in favor of the complainant, and, we, think, was amply warranted by the testimony in so doing. Following the established practice in this court, we must refuse to disturb his findings. See Lucra v. Wade, 43 Fla. 419, 31 South. Rep. 231. We see no useful purpose to be accomplished by undertaking to set forth a synopsis of the pleading or the testimony. .

Decree affirmed.

WHITFIELD, C. J., and COCKRELL,, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.