YAEGER AND BETHEL HARDWARE COMPANY, A CORPORATION AND OTHERS, *Appellants,* v. AMELIA H. PRITZ, AS EXECUTRIX, &C., *Appellee.*

Opinion Filed January 15, 1915.

1. Purchasers for a nominal consideration of property mortgaged, may not defeat the mortgage by alleging that though executed by the proper officers of the mortgagor corporation, they were not "duly, properly or lawfully authorized by the corporation so. to do, either at or before the execution of the notes and mortgage."

2. An affirmative defense is not made out as matter of pleading by merely demanding proof of a fact alleged positively in the bill.

Appeal from Circuit Court for Leon County; D. J. Jones, Judge.

Order affirmed.

*J. A. Edmondson,* for Appellants;

*W. H. Ellis,* for Appellee.

COCKRELL, J.—A bill was filed in November, 1913, to enforce the lien of a mortgage to secure an indebtedness of five thousand dollars, due from the Tallahassee Tobacco Company to one Charles Blum, the mortgage being executed in its name by the President and Secretary of the Corporation, under seal, these officers in their acknowledgements claiming to act under the authority of the directors. This mortgage, covering about 288 acres in Leon county was duly recorded. Subsequent to this recordation the Yaeger and Bethel Hardware Company

obtained judgment in said county against the Tobacco Company and at the execution sale thereunder the sheriff sold the land to the Hardware Company and Louis C. Yaeger for the nominal sum of ten dollars and fifty cents. A decree pro confesso was taken against the Tobacco Company, the mortgagor, but the Hardware Company and Yaeger answered the bill severally, admitting that the notes and mortgage were assigned in due course to the complainant, but demanded strict proof as to the orig inal indebtedness and subsequent payments on the notes. While admitting that they had record notice of the mort gage when they obtained the judgment and sheriff's deed, yet they allege that the President of the Tobacco Com pany executed the notes, and the President and Secretary executed the said mortgage "without being duly, prop erly or lawfully authorized by said Tallahassee Tobacco Company so to do, either at or before the execution of the notes and mortgage." Upon the motion of the com plainant the court struck the portion of the answer, seek ing to make out the defense indicated in the quoted lan guage, and this ruling constitutes the contention on this appeal.

We discover no error in this ruling. If it be permitted to subsequent purchasers at an execution sale to question the power of the officers, designated by the statute, as the proper officers to execute the mortgages of a corporation, when the corporation declines to do so, a showing stronger than the one before us must be made. It is apparent that the small bid at the execution sale, about three cents an acre, was the result of the overhanging mortgage of five thousand dollars upon this land. No fraud or collusion between the mortgagor and the mort gagee is even suggested; the mortgage antedating the

judgment more than two years. It is clear that the facts alleged in the bill and not denied in the answer, work an estoppel upon the mortgagor corporation, which makes no defense to the suit, and yet this answer stops short of allegation when it comes to the question of estoppel—it denies authority of the officers only up to the precise time of the execution of the mortgage, when as matter of law any lack of power might have been conferred the next day by express ratification or by estoppel. An affirmative defense is not made out as matter of pleading by merely demanding proof of a fact alleged positively in a bill.

This portion of the answer did not set up an equity for these defendants, who had to make out a defense that would be available to their predecessor in title when their rights accrued. To destroy its mortgage, the Tobacco Company would have had to allege more than a want of authority in its president and secretary at or before the execution of a mortgage, for an existing indebtedness. that it had subsequently ratified by partial payments. It may further be mentioned here, that the notes, the evidence of the indebtedness the mortgage was given to secure, were negotiable instruments and passed before maturity to innocent holders.

The order appealed from is affirmed.

TAYLOR, C. J., AND SHACKLEFORD AND WHITFIELD, JJ. concur.

ELLIS, J., disqualified, took no part.