C. E. Farrington, *Appellant*, v. Victoria B. Harrison, et al., *Appellees.*

En Banc.

Opinion Filed April 21, 1928.

Petition for Rehearing Denied May 15, 1928

*Thomas M. Lockhart*, of Ft. Lauderdale, for Appellant;

*McCune, Casey, Hiaasen & Fleming*, of Fort Lauderdale, for Appellees.

Strum, J.—This is an appeal from a final decree cancelling and setting aside a warranty deed bearing date September 1, 1920, executed by the appellee Victoria B. Harrison, as grantor, to appellant, C. E. Farrington, as grantee, recorded in Deed Book 22, at page 104, of the Public Records of Broward County, conveying Lot 22 of Block 26 of the Town of Ft. Lauderdale. The bill of complaint was brought by Victoria B. Harrison, the grantor.

The basis for the relief sought by the bill and granted by the decree appealed from is that the execution of the deed in question was procured by the grantee fraudulently and

in violation of the obligations and duties of the grantee arising from the relationship of attorney and client which existed between the parties at the time of the execution of the deed, the grantee being the attorney of the grantor. The grantee contends that the property in question was conveyed to him pursuant to a legitimate agreement with his client, the grantor, as part of his remuneration for services performed, and that there was no abuse of the existing confidential relation.

We are mindful of the rule which subjects transactions of this nature, when questioned, to the closest scrutiny of the courts, particularly courts of equity, and of the burden to be borne by the attorney in sustaining such transaction. Bolles v. O'Brien, 63 Fla. 342; 59 South. Rep. 133; William v. Bailey, 69 Fla. 225; 67 Sou. Rep. 877.

We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23.

On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555.

The evidence in this case is lengthy and in many essentials unique. The probability of the occurrence of another case upon substantially the same state of facts as is here involved is too remote to justify a comprehensive review of the evidence. The evidence was taken largely before a master; some of it was by deposition, and some taken before the chancellor.

There is much credible evidence, including that of disinterested witnesses, as well as corroborative circumstances, to support the contentions of the defendant below. In its essential features, complainant's evidence is meager and to us unconvincing.

We entertain great respect for the views of the chancellor, but a careful study of the case convinces us that the decree is manifestly contrary to the weight and legal effect of the evidence.

The decree appealed from is therefore reversed.

TERRELL, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., AND WHITFIELD, J., dissent.