This suit was instituted by the heirs of Edmond F. Knowles, Jr., to set aside a tax deed and to quiet title to certain lands in Dade County. From a decree in favor of complainants, two of the defendants entered an appeal.
It appears that Edmund F. Knowles Jr., who acquired title to the land in question by government patent in 1898, married complainant Elizabeth Ellen Hoyle in 1901, to which union complainant Arthur E. Knowles was born *Page 1377 
in 1902, and that in 1904, the father died intestate; that the property was sold to the State for taxes in 1907, and later the State assigned said tax certificate to one Robert Welborn to whom in 1911, the State issued a tax deed; that in 1914, Welborn quit-claimed the property to the Security Land Company who in 1916 brought suit to quiet title against Edmund F. Knowles, and all other parties claiming an interest therein and in which suit a favorable decree was obtained in 1916; that the Security Land Company, in 1922, mortgaged said property to Robert R. Roberts who in 1924 assigned said mortgage to defendant, C. F. Putnam, and in 1923, said Security Land Company deeded the property to the two appellees Mary G. Kent and B. Margaret Logan, both feme soles, subject to the above mortgage. The present suit to quiet title is based upon certain alleged defects in the tax title acquired by the said Robert Welborn.
To the amended bill of complaint, appellants as defendants below, after a general demurrer had been overruled, (to which ruling there is no assignment of error) filed what was called an "amended answer" to certain portions of which the court granted a motion of complainants to strike, and gave a reasonable time to defendants to amend, which was not done.
Upon stipulation of solicitors a special master was appointed to take the testimony and to report the same together with his findings of law and fact and recommendations thereon.
To the special master's report the appellants filed several exceptions which were overruled by the court and a final decree was entered granting appellees the full relief prayed for in their bill. Upon appeal appellants *Page 1378 
filed four assignments of error but in substance urged only one which is directed solely to the overruling of the exceptions to the master's report. In the last analysis the exceptions raise only the question of the competency of the evidence offered by complainants to support the issues as made by the pleadings, and if those allegations of the bill specially denied by appellants' amended answer are shown to have been supported by a preponderance of competent evidence, the decree of the court will be affirmed; and as to those allegations of the sworn bill which were properly averred and were not denied, no additional proof was essential to support the decree.
The bill of complaint waives answer under oath, but the amended answer is sworn to. Under Section 1 of Chapter 7356, Acts of 1917, (Sec. 4923, Compiled General Laws of Florida, 1927) if a complainant in a bill waives "answer under oath", the answer of defendants, though under oath shall not be evidence in their favor, unless the cause is set down for hearing on bill and answer only, though it may be used in support of any other incidental motion in the cause. The record does not show any hearing on bill and answer in this cause. Rogero v. Rogero, 66 Fla. 6, 62 So. 899.
The master's report shows that though due and proper notice was given to each appellant and the hearing extended over a number of days, there was no appearance nor any testimony offered by either of them, and necessarily no objections or exceptions were made or entered to any evidence offered by appellants. However, appellants filed their several exceptions to the master's report based upon the ground that certain evidence was incompetent or secondary. It is the rule that a party who desires to present exceptions to the chancellor as to *Page 1379 
any error, not apparent of record, should first lay the foundation therefor by making timely objections and exceptions before the master, so that he may when clothed with the authority to do so, have an opportunity to correct his ruling thereon before the report is filed; otherwise exceptions are not properly presented to the chancellor. See 21 C.J. 617, and authorities cited.
The court's order overruling the exceptions recites that the cause came on to be heard upon the report of the special master to whom the issues were "referred to take the testimony herein and report the same to the court with his findings and conclusions of law and fact thereon" pursuant to "stipulation entered into between solicitors for the respective parties."
In the case of Croom v. Ocala Plumbing Elec. Co., 62 Fla. 460, 57 So. 243 this Court said:
 "The rule is well settled that when the parties consent to the reference of a case to a master or other officer to hear and decide all the issues therein, both of fact and law, and such reference is entered as a rule of court, it is a submission of the controversy to a special tribunal, selected by the parties, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law; and its determination is not subject to be set aside and disregarded at the bare discretion of the court; or as the same rule is otherwise more tersely expressed, when a master has been appointed by consent of the parties, his findings have the weight of a verdict of a jury."
In Rose's Federal Jurisdiction and Procedure (3d Ed.) 498, Sec. 570, it is said:
 "Sometimes, however, both parties consent to a reference to a master to hear and decide all issues in the *Page 1380 
case and to report his findings both of the facts and the law. The determinations of a master so selected are not subject to be set aside and disregarded at the mere discretion of the Court. Such a reference is a submission of the controversy to a judge of the parties' own selection, to be governed in his conduct by the ordinary rules applicable to the administration of justice in tribunals established by law. His findings are to be taken as presumptively correct, subject indeed to be reviewed under the reservation contained in the consent and order of the Court, when there has been manifest error in the consideration given to the evidence or in the application of the law, but not otherwise. Such findings should not be disturbed unless they are clearly in conflict with the weight of the evidence upon which they were made." See also Kimberly v. Arms, 129 U.S. 512, 523; 32 L.Ed. 764, 9 Sup. Ct. 355; 21 C. J. 624.
Some of the exceptions to the master's report are based upon matters that are not denied by defendant's answer. Section 4905, Compiled General Laws of Florida, 1927 provides that "Averments other than of value or amount of damage, if not denied, shall be deemed confessed," etc. As to such averments in the sworn bill, complainants were not required to present evidence.
Some of the exceptions taken to the master's report are based upon the method used by complainants in proving certain records of the clerk of the circuit court. On this point it is generally held that the rule regarding the proof of what isnot in the record as distinguished from what is contained in the record is that
 "While it has been held that the best evidence rule precludes proof by parol evidence that an original private writing does not show a certain fact, it has also been held that a person who has examined public *Page 1381 
records may testify that they do not contain a certain entry or show a certain matter. * * * Where books or papers are voluminous, the testimony of one who has examined them is obviously the proper method of proving that certain things are not shown thereby." 22 C. J. 1017. See also 10 R. C. L. 907 and sec. 49, p. 899 as to where the means of proving a negative fact are equally within the control of each party.
The above does not contradict the rule that parol evidence is inadmissible to contradict, subtract from, add to, or vary a valid unambiguous written instrument. Peplex Medicine Co. v. Tampa Drug Co., 88 Fla. 473, 102 So. 632; Florida Moss Products Co. v. City of Leesburg, 93 Fla. 656, 112 So. 572.
The amended answer does not deny the correctness of any allegation of the bill as to the records of the county officers named therein.
Aside from the fact that no appearance was made or evidence offered by appellants before the master and that no objections or exceptions were made to the introduction or admission of any evidence by complainant at the time it was introduced or admitted, the sufficiency of the testimony is confirmed by the decree of the chancellor and such decree appears to be supported by competent evidence as to disputed issues.
An affirmative defense is not made out as a matter of pleading by merely demanding proof of a fact alleged positively in the bill. Yaeger Bethel Hdw. Co. v. Pritz, 69 Fla. 8, 67 So. 231.
Findings of the chancellor will not be disturbed unless clearly erroneous. Farrington v. Harrison, 95 Fla. 769,116 So. 497; Atlantic Bank Trust Co. v. Sengstak, 95 Fla. 606,116 So. 267 Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231. *Page 1382 
Finding no reversible error the decree of the chancellor is affirmed.