THE EVERGLADES CYPRESS COMPANY and MIRIAM MAYS LEE, *et vir*, v. JOHN PORTER TYNER, sometimes known as JOHN P. TYNER, and sometimes known as J. PORTER TYNER, *et al.*

179 So. 764.

Division B.

Opinion Filed March 8, 1938.

Rehearing Denied March 30, 1938.

*George P. Garrett,* for Appellants;

*Cassels & Trinkle,* for Appellees.

PER CURIAM.—The above entitled cause having been submitted upon the transcript of the record and briefs and argument of counsel, and the Court having considered the defense of payment of the note and mortgage, and there appearing ample testimony in the record to support the conclusions of the Chancellor below, the Court is of the opinion that no reversible error appears and that the order appealed from should be affirmed. In the case of Farrington v. Harrison, 95 Fla. 769, 116 So. 497, this Court said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case

the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23.

"On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

The decree appealed from is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.