STATE v. THE CITY OF PORT ST. JOE, a municipality.

180 So. 28.
Division B.
No. 377.
Opinion Filed March 31, 1938.

*John H. Carter, Jr.,* State Attorney, for Appellant;

*E. Clay Lewis, Jr.,* and *Knight, Adair, Cooper & Osborne,* for Appellee.

CHAPMAN, J.—On September 21, 1937, Honorable Ira A. Hutchison, a Judge of the Circuit Court in and for Gulf County, State of Florida, made and entered a final decree validating, ratifying and confirming bonds in the sum of $125,000.00, bearing interest at the rate of 4%, issued by the City of Port St. Joe, Florida, pursuant to an election participated in by the freeholders of said city and by them duly approved and ratified. The bonds were issued under Section 1, Article 6, of Chapter 6568, Special Acts of 1913 of the Legislature of Florida, and the proceeds of the sale thereof are to be used in purchasing docks located

in said city. An ordinance was drawn, notice given, an election held, and petition for validation under Chapter 14715, Acts of 1931, filed in the lower court. From the decree of validation an appeal was taken by the State of Florida through Honorable John H. Carter, Jr., State Attorney in and for Gulf County, Florida.

It is contended here that the City Commissioners of the City of Port St. Joe, Florida, abused their authority in the issuance of the bonds in the sum of $125,000.00 validated in the lower court. We think the acts and doings of said city through its Commissioners are fully authorized by Section 1 of Article 6, Chapter 6758, Special Acts 1913, viz.:

"Whenever it shall be deemed advisable to issue bonds of the City of Port Saint Joe for any purpose or purposes hereinafter named, to-wit: For raising money for erecting, maintaining, extending or improving waterworks, electric light plant or gas works; for the purpose of constructing, maintaining, improving or extending a system of sewers or otherwise promoting the health of the City; for the purpose of opening, constructing, widening, maintaining or paving streets or sidewalks of the City; for opening, constructing, maintaining and improving parks, promenades, etc.; for the purpose of establishing and maintaining a fire department in said City; for the purpose of erecting public buildings for the use of the City or for any one or more of said purposes, or for any other purpose, deemed necessary for the public good, the Commission is hereby empowered, in their corporate capacity, to issue bonds of said City, under the seal of the municipality, the total amount of such improvement bonds to be issued and outstanding at any time not to exceed twenty per cent. (20%) of the total assessed valuation of the taxable property, both real and personal, within the corporate limits of said City; Provided, That the same is not in conflict with the Constitution and laws

of the State of Florida. All bonds that may be issued under the provisions of this Act and limited in amount to the percentage of the assessed valuation of the taxable property, as herein specified, without distinction to date of issue, shall constitute and be a primary and special lien upon all the taxable property of said City."

The bond issue herein was ratified and confirmed by Chapter 18815, Special Acts 1937, viz.:

"(b) The said bonds in the principal sum of $125,000.00 approved by the majority of the votes cast in the said special election, and all proceedings had and action taken by the said City and the officers thereof in connection with the authorization, approval and issuance of said bonds be, and the same hereby are, ratified, confirmed and validated."

It is next contended that the issue of $125,000.00 of dock bonds and $175,000.00 of dredging bonds, and water and sewer revenue debentures in the sum of $200,000.00, making a total of $500,000.00, is in excess of the amount authorized by law.

The amount of the assessable property of said city is the sum of $2,313,012.50, as disclosed by the record. The lower court held that the total amount of the bonds issued by the city is well within the constitutional debt limit. The sum of $200,000.00 water and sewerage debenture certificates, payable out of the income of the municipal water plant, are not debts of the city within the meaning of Section 6 of Article IX of the Constitution of Florida as amended in 1930. See State and Diver v. City of Miami, 113 Fla. 280, 152 So. 6. We cannot overlook the fact that the City of Port St. Joe is a rather small community consisting of 798 people according to the 1935 census.

We have examined the contention of counsel for the appellant that the proper notice was not given of the election as required by law. The record shows that an election

was held, the freeholders only participating, and a large majority voting in favor of the issuance of the bonds. The lower court held that the notice of the election as given met the requirements of the law and there is ample evidence in the record to sustain his conclusion.

It is next contended that Section 7, Article IX, of the Constitution of Florida, has been violated in that the proceeds of the sale of the bonds here sought to be validated will be issued primarily for the benefit of the Apalachicola Northern Railroad Company and The St. Joe Paper Company, private corporation. The constitutional provision is as follows:

"No tax shall be levied for the benefit of any chartered company of the State, nor for paying interest on any bonds issued by such chartered companies, or by counties, or by corporations, for the above mentioned purpose."

The Chancellor below settled this question of fact adversely to the appellant's contention by the provision of the final decree, viz.:

"(d) That the issuance of the bonds described in the Petition are not in excess of the debt limitation prescribed in Section 1 of Article VI of Chapter 6758, Laws of Florida, Acts of 1913, and are not an unreasonable exercise of the authority of said City of Port St. Joe to issue bonds or to levy a tax therefor."

There is ample evidence in the record to support this finding. See: Harrison v. Farrington, 95 Fla. 769, 116 So. 497.

Appellant further contends that the decree appealed from should be reversed because the City of Port St. Joe was extending its credit and appropriating its said money for the use and benefit of chartered companies contrary to Section 7, Article IX of the Constitution of Florida. The

lower court in its final decree ruled against this contention. The evidence is sufficient to sustain the conclusion of the Chancellor below.

No errors being made to appear, the decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.