STATE v. COUNTY OF HILLSBOROUGH, a political subdivision of this State, by and through T. N. Henderson, Chairman, *et al.,* as and constituting the Board of County Commissioners of Hillsborough County.

182 So. 269.

Opinion Filed June 16, 1938.

*J. Rex Farrior* and *J. Frank Umstot,* for Appellant;
*John W. Cone* and *H. C. Tillman,* for Appellee.

CHAPMAN, J.—This cause is here on an appeal from a final decree of the Circuit Court of Hillsborough County, Florida, dated May 9, 1938, validating and confirming Highway Refunding Bonds of said County in the sum of $1,609,000.00. The petition for validation and confirmation of the Highway Refunding Bonds, among other things, shows that the Board of County Commissioners of Hillsborough County, Florida, pursuant to Chapter 15772, General Laws of Florida, Acts of 1931, adopted a resolution on April 1, 1938, at a regular meeting thereof, authorized the issuance thereof in the total sum of $1,609,000.00 in the denomination of $1,000.00 each, dated May 1, 1938, without option of prior redemption, and bearing interest at the rate of 4½% per annum, payable semi-annually on the first day of May and November of each year. The number of bonds inclusive, maturity date of May 1st, and the amount thereof is, viz.::

| Bond Numbers (Inclusive) | Maturity (May 1) | Amount |
|---|---|---|
| 1 to 100 | 1939 | $100,000.00 |
| 101 to 202 | 1940 | 102,000.00 |
| 203 to 304 | 1941 | 102,000.00 |
| 305 to 406 | 1942 | 102,000.00 |
| 407 to 509 | 1943 | 103,000.00 |
| 510 to 619 | 1944 | 110,000.00 |
| 620 to 729 | 1945 | 110,000.00 |
| 730 to 839 | 1946 | 110,000.00 |
| 840 to 949 | 1947 | 110,000.00 |
| 950 to 1059 | 1948 | 110,000.00 |
| 1060 to 1169 | 1949 | 110,000.00 |
| 1170 to 1279 | 1950 | 110,000.00 |
| 1280 to 1389 | 1951 | 110,000.00 |
| 1390 to 1499 | 1952 | 110,000.00 |
| 1500 to 1609 | 1953 | 110,000.00 |

It is further alleged that the power to issue Refunding Bonds of said County was fully authorized by Chapter 15772, General Laws of Florida, Acts of 1931, and by Section 6 of Article IX of the Constitution of Florida, as amended, which were outstanding obligations of said County since and prior to November 6, 1934. The bonds sought to be refunded in this proceeding were obligations of Hillsborough County, Florida, and each were issued prior to November 6, 1934, and remained unpaid on May 1, 1938, viz.:

"(A) HIGHWAY (ELIZABETH COURTS) BONDS, dated June 1, 1926, in the denomination of $1,000.00 each, bearing interest at 5% per annum, payable semi-annually:

| Bond Numbers (Inclusive) | Maturity (June 1) | Amount |
|---|---|---|
| 55 to 66 | 1933 | $12,000.00 |
| 67 to 78 | 1934 | 2,000.00 |
| 79 to 90 | 1935 | 12,000.00 |
| 91 to 110, 116 | 1936 | 21,000,00 |
| Total Bonds of said Issue now Outstanding | | $57,000.00 |
| Accrued interest to May 1, 1938, and interest coupons unpaid as of that date | | 15,437.50 |
| Total this issue | | $72,437.50 |

"(B) HIGHWAY (BEL-MAR) BONDS, dated June 1, 1936, in the denomination of $1,000.00 each, bearing interest at 5% per annum, payable semi-annually:

| Bond Numbers (Inclusive) | Maturity (June 1) | Amount |
|---|---|---|
| 546 to 558, 574 to 660 | 1933 | $100,000.00 |
| 661 to 720, 726 to 775 | 1934 | 110,000.00 |
| 776 to 890 | 1935 | 115,000.00 |
| 895 to 911, 916 to 978) 980 to 988, 990 to 1024) 1030 to 1039) | 1936 | 134,000.00 |
| Total Bonds of said Issue Now Outstanding | | $459,000.00 |
| Accrued interest to May 1, 1938, and interest coupons unpaid as of that date | | 114,912.48 |
| Total this Issue | | $573,912.48 |

"(C) HIGHWAY (TEMPLE TERRACE) BONDS, dated July 1, 1926, in the denomination of $1,000.00 each, bearing interest at 5% per annum, payable semi-annually:

| Bond Numbers (Inclusive) | Maturity (July 1) | Amount |
|---|---|---|
| 85 to 102 | 1933 | $18,000.00 |
| 103 to 120 | 1934 | 18,000.00 |
| 130 to 138 | 1935 | 9,000.00 |
| 139 to 162 | 1936 | 24,000.00 |
| Total Bonds of said Issue Now Outstanding | | $69,000.00 |
| Accrued interest to May 1, 1938, and interest coupons unpaid as of that date | | 18,400.00 |
| Total this Issue | | $87,400.00 |

"(D) HIGHWAY (MICHIGAN AVENUE) BONDS, dated August 1, 1926, in the denomination of $1,000.00 each, bearing interest at 5¼% per annum, payable semi-annually:

| Bond Numbers (Inclusive) | Maturity (Aug. 1) | Amount |
|---|---|---|
| 156 to 190 | 1933 | $35,000.00 |
| 191 to 225 | 1934 | 35,000.00 |
| 226 to 251, 256 to 260 | 1935 | 31,000.00 |
| 261 to 288, 291 to 310 | 1936 | 48,000.00 |
| Total Bonds of said Issue Now Outstanding | | $149,000.00 |
| Accrued interest to May 1, 1938, and interest coupons unpaid as of that date | | 41,068.24 |
| Total this Issue | | $190,068.24 |

"(E) HIGHWAY (TEMPLE TERRACE) BONDS, dated August 1, 1926, in the denomination of $1,000.00 each, bearing interest at 5% per annum, payable semi-annually:

| Bond Numbers (Inclusive) | Maturity (Aug. 1) | Amount |
|---|---|---|
| 266 to 315 | 1933 | $ 50,000.00 |
| 326 to 380 | 1934 | 55,000.00 |
| 386 to 402, 415,) | | |
| 421 to 425    .) | 1935 | 23,000.00 |
| 446 to 507, 513 to 524 | 1936 | 74,000.00 |
| Total Bonds of said Issue Now Outstanding | | $202,000.00 |
| Accrued interest to May 1, 1938, and interest coupons unpaid as of that date | | 54,525.00 |
| Total this Issue | | $256,525.00 |

"(F) HIGHWAY (TEMPLE TERRACE) BONDS, dated September 1, 1926, in the denomination of $1,000.00 each, bearing interest at 5% per annum, payable semi-annually:

| Bond Numbers (Inclusive) | Maturity (Sept. 1) | Amount |
|---|---|---|
| 246 to 280, 286 to 290 | 1933 | $ 40,000.00 |
| 296 to 305, 316 to 345 | 1934 | 40,000.00 |
| 372 to 385, 391 to 395 | 1935 | 19,000.00 |
| 431 to 441, 443 to 454) | | |
| 463 to 470 -              ) | 1936 | 31,000.00 |
| Total Bonds of said Issue Now Outstanding | | $130,000.00 |
| Accrued interest to May 1, 1938, and interest coupons unpaid as of that date | | 33,708.32 |
| Total this Issue | | $163,708.32 |

"(G) HIGHWAY (PALMA CEIA PARK) BONDS, dated January 1, 1926, in the denomination of $1,000.00 each, bearing interest at 5% per annum, payable semi-annually:

| Bond Numbers (Inclusive) | Maturity (Jan. 1) | Amount |
|---|---|---|
| 304 to 320 | 1933 | 17,000.00 |
| | 1934 | |
| 386 to 425, 427 to 450 | 1935 | 64,000.00 |
| 451 to 515 | 1936 | 65,000.00 |
| 520 to 524, 526 to 559) | | |
| 561 to 572, 578 to 592) | 1937 | 67,000.00 |

Total Bonds of said Issue Now Outstanding ..................................................... $ 213,000.00

Accrued interest to May 1, 1938, and interest coupons unpaid as of that date .......................................................... 52,025.00

Total this Issue ............................. $ 265,025.00

Grand Total of all Issues Bonds ............ ........... $1,279,000.00

Accrued interest to May 1, 1938, and interest coupons unpaid as of that date ............................................. 330,076.54

Gross Total ..................................... $1,609,076.54

Less amount necessary to reduce to multiple of $1,000.00 ............................. 76.54

Net amount to be Refunded ........... $1,609,000.00"

For the purpose of adequately providing for the payment of interest and the retirement of the said refunding bonds, the said County of Hillsborough, by the terms of the said

resolution, pledged the full faith, credit and taxing power of said County irrevocably, with like force and effect as if they were pledged for the payment of the indebtedness by said bonds.

On the 4th day of April, 1938, a notice to appear was issued by the Clerk of the Circuit Court of Hillsborough County, Florida, in substantial statutory form, addressed to "the Taxpayers and citizens of the County of Hillsborough, State of Florida, and all others it may concern," requiring that they show cause at 9:00 o'clock A. M., on the 27th day of April, 1938, at the Court House at Tampa, Florida, why the refunding bonds should not be validated and confirmed. The notice was published in Tampa Morning Tribune for three issues and eighteen days prior to the date of hearing.

On April 27, 1938, pursuant to said published notice to show cause, Hon. J. Rex Farrior, State Attorney for the Thirteenth Judicial Circuit of Florida, filed an answer to said petition to validate and confirm said refunding bonds, and the material portions of the said answer are, viz.:

"III. It is admitted that the Board of County Commissioners of Hillsborough County, Florida, has the authority, under the provisions of Chapter 15772, General Laws of Florida, Acts of 1931, to issue refunding bonds of said county for the purpose of refunding valid bonds of said county outstanding since on and prior to November 6th, 1934, and it is further admitted that the bonds described in said second paragraph and designated under sub-section (A), (B), (C), (D), (E), (F) and (G) and aggregating $1,609,000.00 were issued by the COUNTY OF HILLSBOROUGH, FLORIDA, and are now past due and unpaid, but this respondent denies that said bonds were valid bonds of said county to which full faith and credit is pledged and denies

the right of the Petitioner to issue refunding bonds therefor.

"IV.  This respondent admits that said bond issues above described were duly validated and confirmed by final decrees of the Circuit Court in and for Hillsborough County, Florida, on the dates set forth in paragraph three of said petition, and that said decrees have not been vacated, but this respondent denies that said bonds are obligations of the County of Hillsborough to which full faith and credit of the County has been pledged and asserts that said bonds should be paid by the districts formed under the provisions of Chapter 10140, Laws of Florida 1925, and that refunding bonds of the County of Hillsborough, to which the full faith and credit of said County are pledged, should not be issued to take up said bonds.

"V.  This respondent admits the adoption of the Resolution set forth in paragraph four of said petition, but asserts that said petitioner in this action, to-wit, the Board of County Commissioners of Hillsborough County, Florida, had no right to adopt a resolution issuing refunding bonds and pledging thereto the full faith and credit of the County of Hillsborough for the reasons hereinabove set forth in paragraph three hereof, and denies that these refunding bonds should be validated and confirmed by this Court.

"VI.  This respondent respectfully states that in the event this Court should determine that said bonds should be validated and confirmed, that the schedule of bonds to be issued as set out in paragraph five of said petition appears to this respondent to be proper, but this respondent again denies the right of the Board of County Commissioners of Hillsborough County, Florida, to issue any refunding bonds whatsoever which pledge the full faith and credit of the County of Hillsborough to take up the bonds described in paragraph two of said Bill of Complaint.

"This respondent further alleges and again sets up the facts contained in those parts of the answer of the State of Florida applicable hereto, in the suit filed on September 13, 1933, in the Circuit Court of Hillsborough County, Florida, under the style of 'County of Hillsborough, Florida, v. State of Florida,' being No. 47107-C, and which said parts of said answer are hereto attached as Exhibit 'A' to this Answer."

On May 2, 1938, the County of Hillsborough filed its motion to strike the answer of the State Attorney on the following grounds: (a) Said answer presents no defense; (b) the answer presents no triable facts; (c) the issues submitted have been settled by the decisions of the Supreme Court of Florida and the United States Supreme Court adversely to the contention of the State Attorney; (d) the answer tenders no legal reason why the prayer of the petition should not be granted.

On May 9, 1938, the lower court entered an order sustaining the motion to strike.

Considerable testimony was taken before the Chancellor below and on final hearing on May 9, 1938, a final decree was entered validating and confirming the refunding bonds in the sum of $1,609,000.00, when an appeal was perfected to this Court with some three assignments of error, viz.:

"First: The Court erred in and by its final decree dated the 9th day of May, A. D. 1938, and recorded in Chancery Order Book 246, page 467, validating and confirming $1,-609,000.00 Hillsborough County Highway Refunding bonds.

"Second: The Court erred in and by the foregoing decree in finding that all of the bonds validated by said decree have been legally authorized and issued and are valid outstanding obligations of the County of Hillsborough.

"Third: The Court erred in and by its order dated the 9th day of May, A. D. 1938, recorded in Chancery Order Book 246, at page 467, striking the answer of the State of Florida."

The first assignment is that the lower court erred by its final decree dated May 9, 1938, validating and confirming $1,609,000.00 Hillsborough County Highway Refunding Bonds.

The bonds sought to be refunded here were issued under Chapter 10140, Acts of 1925, when a suit by a taxpayer was filed to enjoin the collection of taxes with which to pay the bonds, on the theory that Chapter 10140, Acts of 1925, was violative of designated constitutional inhibitions and that the bonds were void *ab initio*. On hearing on a demurrer directed to the entire bill of complaint for want of equity the same was sustained by the lower court and the suit dismissed, and on an appeal here Chapter 10140, Acts of 1925, was held to be constitutional and the bonds so issued binding obligations of the County. See Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486.

In the case of Hillsborough County, Fla., v. Keefe, 82 Fed. (2nd) 127, Chapter 10140, *supra*, was before the Federal Court and the constitutionality thereof sustained and a writ of certiorari to said judgment was denied by the Supreme Court of the United States. See Hillsborough County v. Keefe, 298 U. S. 679, 80 L. Ed. 1400.

In the case of State, *ex rel*. Conn, v. Henderson, 130 Fla. 288, 177 So. 539, an original proceeding in mandamus to require the levy of taxes sufficient to pay one of the said bonds with accumulated interest previously issued by Hillsborough County under Chapter 10140, Acts of 1925, after argument and due consideration, on final hearing this Court awarded a peremptory writ.

We have given due consideration to the case of Corrigan v. Hillsborough County, 113 Fla. 345, 151 So. 712. The principal grounds of protest therein made were that certain original issues of bonds, issued under Chapter 10140, Acts of 1925, were illegal and not binding obligations of the County of Hillsborough. The purpose of that suit was to refund the identical bonds involved here. The answer to the motion to show cause why the said refunding bonds should not be validated and confirmed contained allegations of fact to the effect that the original bonds were issued and the proceeds arising therefrom used primarily for a private purpose rather than a lawful public purpose. The suit was reversed in part for the purpose of taking testimony on these serious questions of fact made an issue by the said answer. We do not see how the conclusions reached in that case can affect the case at bar.

The Chancellor, on the evidence taken before him, made certain findings of fact which this Court cannot disturb unless there has been an abuse of discretion and this has not been made to appear. See Farrington v. Harrison, 95 Fla. 769, 116 So. 947; Atlantic Bank, etc., v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

It is our conclusion in this case that the defensive matter appearing in the stricken portion of the answer of the State Attorney, as well as each assignment of error argued, presented and briefed in this cause, has been fully decided adversely to the contention of the appellant by this Court. See Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486; State, ex rel. Conn, v. Henderson, 130 Fla. 288, 177 So. 539; Hillsborough County, Fla., v. Keefe, 82 Fed. (2nd) 127; Hillsborough County v. Keefe, 298 U. S. 679, 80 L. Ed. 1400.

No error having been made to appear, the decree appealed from in this cause is hereby affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.