WILLIAM REED v. CALLIE JONES, *et al.*

184 So. 117. .
Division A.
Opinion Filed October 24, 1938.
Rehearing Denied November 14, 1938.

*Carroll Dunscombe,* for Appellant;

*Smith & Kanner,* for Appellees.

PER CURIAM.—The appeal brings for review decree as follows; "This cause came on for final hearing and the Court read the testimony and heard the argument of counsel for the respective parties. It is the opinion of the Court that the Complainant has wholly failed to establish that the property described in the bill of complaint is held in trust for the Complainant, inasmuch as it appears that all of the

purchase price of the property was paid by Esther Reed long before she became the wife of the Complainant:

"It Is Therefore Ordered That the Bill of Complaint be, and the same is hereby, dismissed at the cost of the Complainant.

"Because of the above conclusion, the Court is of the opinion that the mortgage given by the Complainant to T. T. Oughterson May 3rd, 1933, sometime after the complainant filed a suit in ejectment, is also invalid, and it is ordered that said mortgage, recorded in Mortgage Book 3, page 16, public records of Martin County, Florida, be, and the same is hereby cancelled and declared void.

"Done and Ordered in Chambers at Fort Pierce, Florida, the 26th day of April, 1937."

The Bill of Complaint sought to have a resulting trust impressed on certain property and to have the property sold to satisfy the lien so established.

The propriety of the order appealed from depends upon whether or not the evidence was sufficient to establish as a fact the existence of a resulting trust. The record discloses ample and substantial evidence to support the decree and, therefore, the same will not be disturbed. Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank etc. Co v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

So the decree is affirmed.

So ordered.

Affirmed.

Ellis, C. J., and Terrell and Buford, J. J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.