GUENEVERE SCHOMBERG v. J. SHERWOOD SCHOMBERG.

186 So. 507.
Opinion Filed February 7, 1939.
Rehearing Denied February 28, 1939.

*R. H. Amidon* and *D. C. Laird,* for Appellant;
*Stanley S. Phillips,* for Appellees.

CHAPMAN, J.—This cause is here on appeal from a final decree dissolving the bonds of matrimony as between the parties to this suit made and entered by the Circuit Court of Dade County, Florida, on June 30, 1938. From this final decree an appeal was taken, the transcript of record perfected and filed in this Court as required by the rules. The final decree is assigned as error in this Court.

The husband filed the bill of complaint in the lower court, where he represented that the parties were married in Bowling Green, Ohio, on December 17, 1934, and shortly thereafter moved to Miami, Florida, and continued to cohabit as husband and wife until the 1st day of December, 1937. The bill of complaint seeks a divorce on two grounds: (a) extreme cruelty practiced by the defendant towards plaintiff; and (b) habitual indulgence in a violent and ungovernable temper on the part of the defendant.

The defendant, Guenevere Schomberg, in her answer to the bill of complaint either admitted or denied each paragraph thereof, thereby making an issue of fact, and further

charged that her husband, the plaintiff, committed adultery with a woman therein named, at the Terrace Hotel, in Lakeland, Florida, on May 27th, 28th and 29th, 1937.

The lower court, by an appropriate order, appointed Hon. Cecil Curry, Special Master, with full and complete directions to take all the evidence that would be offered by the respective parties, and after the receipt of all the evidence that the Special Master report his findings on questions of law and fact, with recommendations as to a final decree to be entered in the lower court. The Special Master discharged all duties resting upon him by the terms of the appointment, and made his findings, both as to law and fact, and recommended that a final decree be entered in behalf of the plaintiff below. The report and recommendations of the Special Master were in all respects ratified, approved and confirmed.

We have carefully examined the testimony taken before the Special Master, the exhibits offered in evidence by counsel for the respective parties, and after a study of the transcript, a full consideration of the briefs and authorities cited, we have concluded that the final decree appealed from should be affirmed. This Court has repeatedly held that the findings of a Chancellor on appeal will not be disturbed unless clearly erroneous. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc., Co. v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

We are not prepared to say that the lower court erred in entering the decree appealed. The same is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., and BUFORD, J., concur in the opinion and judgment.

312

Justice Thomas not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.