TAMPA THEATRE BUILDING, INC., v. CITY OF TAMPA, *et al.*

193 So. 61
Division B
Opinion Filed January 9, 1940

*R. J. Duff* and *T. M. Shackleford,* for Appellant;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellees.

PER CURIAM.—The record in this case discloses the facts, viz.: The Tampa Theatre Building, Inc., owned two leases, one for 99 years and the other for a period of 75 years, on close-in business property situated in Tampa, Florida; that the property was improved by a combined office building containing eighty-five offices and ten stories in height, and a theatre building for the purpose of exhibiting motion pictures. Lot No. 1, Block 37, for the year 1936, was assessed by the City of Tampa; (a) land, $53,480.00; (b) improvements, $188,480; while described portions of Lots 2 and 3, Block 37, for the year 1936; (c) land, 73,580.00; (d) improvements, $220,290.00, or a total assessment on the property in the sum of $408,870.00.

On August 27, 1936, plaintiff filed in the Circuit Court for Hillsborough County, Florida, its bill of complaint praying that the City of Tampa, its officers, agents and

employees, be temporarily and permanently enjoined from collecting the tax based on the aforesaid assessment on the ground that same was illegal, confiscatory, discriminatory, fraudulent and arbitrary. Counsel, by stipulation, agreed that the case at bar should control the tax assessments made by the City of Tampa for the year 1937.

An answer was filed to the bill of complaint by the City of Tampa and the case was referred to Honorable Louis Schonbrun, special master, and testimony was taken by the parties. Additional testimony was taken before Honorable L. L. Parks, Judge, and on final hearing an order was entered dismissing the bill of complaint, and from said order an appeal has been perfected and the case is here for review.

It is contended by counsel for appellant that if Ordinance No. 213-A of the City of Tampa, viz.: "That the valuation of real and personal property for City taxation shall be made at its full cash value, which is hereby defined as fifty (50) per cent of its fair market value, and the assessor shall ascertain such valuation for city taxation by first finding the fair market value of all taxable property and thereupon by dividing the valuation so found by two (2), the quotient to be the full cash value and the amount upon which, subject to changes made therein upon equalization as provided by law and ordinance, the rates of taxation for various city purposes shall be extended. It is hereby declared that the valuation of property for taxation in the City of Tampa for the year 1925 is made in accordance with the terms of this ordinance."—is observed or applied by the City of Tampa, the assessed valuation of plaintiff's property for the years 1936 and 1937 would be reduced by about $200,000.00.

It is undisputed that plaintiff's property was not assessed

under the ordinance, *supra,* but the assessments and valuations were made under Chapter 8364, Laws of Florida, Special Acts of 1919, being a part of the charter of the City of Tampa, and the material portions are, viz.:

"Sec. 44. * * *; and it shall be the duty of the Tax Assessor between the first Monday in January and the first Monday in June in each year, to ascertain by diligent inquiry all taxable property, both real and personal, subject to taxation by the City of Tampa, and the names of the persons owning the same on the first day of January in each year, and shall assess all such property in the name of the owner on the first day of January, but real property, the owners of which are unknown to the assessor, shall be assessed and listed in the name of the reputed owner or as 'Unknown.' He shall visit and inspect all real estate, unless acquainted therewith, and the improvements thereon, and fix a valuation on the same, and the assessment roll shall show separately the value of the improvements on each piece or parcel of land so assessed. All persons, firms and corporations owning property subject to taxation, whether real or personal, or both, are hereby required to make return of the same to the Tax Assessor before the first day of March of each and every year, and such return shall be made upon and in compliance with blanks prepared therefor and furnished by the City of Tampa through the Assessor's office, and shall contain a complete list of all the property, both real and personal, taxable by the City of Tampa belonging to such person, firm or corporation on the first day of January in the year for which such return is made, together with the full cash value thereof, giving separately an intelligent description and the full cash value of each item of personal property and each separate lot or parcel of real estate and the improvements thereon * * *."

"Sec. 46. The Tax Assessor, with the assistance of the Auditor and City Attorney, shall prepare blank assessment rolls for use by the Auditor each year, and all property, both real and personal, shall be assessed at its full cash value * * *."

"Sec. 49 (Chap. 5363, Acts 1903). The City of Tampa shall have the right to raise by taxation such amount as may be necessary for carrying on the government of said city, not exceeding eight mills on the dollar of the actual cash value of all the property in said city, both real and personal."

The evidence shows that the plaintiff's property for the years 1936 and 1937 was assessed as other property of the City of Tampa and that Ordinance No. 213-A was not observed or applied by the officers of the City. If the ordinance is applied, the net result will be that plaintiff's property will be assessed at an amount less than other property of the city and a discrimination never intended will exist in its behalf. The charter provisions, *supra*, should control the case at bar and in the absence of a showing that the same violates the organic law of Florida, we fail to find error in the record. It is well established that the findings of a chancellor on appeal will not be disturbed unless clearly erroneous. We fail, after a careful study of the record, to find such abuse of discretion on the part of the Chancellor below as would justify this Court in reversing the decree appealed from. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc., Co. v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

The order dismissing the bill of complaint on final hearing is hereby affirmed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.