## Mary Louise Spear Butts v. Guy T. Butts.

194 So. 212
Division B
Opinion Filed February 23, 1940
Rehearing Denied March 9, 1940

*C. L. Chancey* and *J. T. Chancey*, for Appellant;

*C. E. Farrington*, for Appellee.

Chapman, J.—From a final decree entered by the Circuit Court of Broward County, Florida, granting a divorce to Guy T. Butts and requiring him to pay to Mary Louise Spear Butts the sum of $40.00 per month as permanent alimony, an appeal has been perfected to this Court. The amended bill of complaint filed by Guy T. Butts charged his wife, Mary Louise Spear Butts, with extreme cruelty and habitual intemperance. The answer of the wife denied each of the material allegations of the amended bill and by counter claim prayed for permanent alimony, attorney's fees and suit money. The plaintiff answered the defendant's counter claim and incorporated therein a motion to dismiss the same on the ground that there was no equity therein.

The lower court heard the testimony of the witnesses produced by the respective parties and argument of counsel, when the final decree appealed from and assigned as error was entered by the lower court. It is contended that there is no evidence in the record to support the findings of the chancellor that the appellant here (defendant below) was guilty of habitual intemperance or extreme cruelty to her said husband, the appellee.

The evidence shows that the parties married in October, 1917, when the husband had employment with the Western Union Telegraph Company, and he worked in Atlanta, Jacksonville, Arcadia, and Miami. He studied law during the time and was admitted to the practice in Florida during the year 1932. He obtained employment with the Federal Land Bank at Columbia, South Carolina, but claimed Broward County, Florida, as his home at the time of filing this suit. There is evidence to show that the wife some time around 1925, adopted the practice of drinking excessively intoxicating liquors and neglected her household duties, and the husband contracted pulmonary tuberculosis, and the effects of this malady or disease, coupled with the excessive use of intoxicants on the part of the wife, sustained the allegations of the amended bill of complaint.

The wife adduced several witnesses who had been in daily contact with her for some time and each testified that the wife on occasions, would drink but not to an excess, and that the husband was of a nervous temperament and frequently mistreated the wife.

The chancellor adopted the contention of the appellee and held that the evidence adduced established the material allegations of the amended bill. The case here turns on the principle of law well established in this Court to the effect that the findings of a chancellor on questions of fact will

not be interfered with in this Court unless it is clearly shown that such findings were erroneous. We think there is sufficient testimony in the record to sustain the conclusions of the chancellor. We are convinced from a study of the testimony that the Chancellor could have decided the case for or against the appellant and the ruling could have been upheld under the above rule. It is clearly a borderline case, but an abuse of discretion on the part of the chancellor in his findings of fact has not been shown. There is a presumption of the correctness of the rulings of the lower court and on appeal here the burden is on the appellant to make error clearly to appear. The appellant has not discharged that burden.

The findings and conclusions of fact as made by a chancellor will not be disturbed by this Court unless clearly shown to be erroneous. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc., Co. v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

We fail to find error in the record. The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.