JOSIPHEN HARWELL KART v. SAM KART and S. L. SCRUGGS.

196 So. 485
Division B
Opinion Filed June 4, 1940
Rehearing Denied June 14, 1940

*Douglas & Schad* and *Ira J. Carter,* Jr., for Appellant.

*Hyman B. Sobol,* for Appellees.

PER CURIAM.—The majority of the court are of the opinion that the record satisfiactorily shows that Sam Kart paid the mortgage here involved before he afterwards took an assignment of it to himself and Scruggs. Therefore, he could not take a valid assignment as against his wife, to whom he had previously conveyed the property and promised to pay the mortgage. It follows that the decree appealed from should be reversed.

Reversed and remanded.

TERRELL, C. J., BROWN, BUFORD and THOMAS, J. J., concur.

WHITFIELD and CHAPMAN, J. J., dissent.

CHAPMAN, J. (dissenting).—This case is before the Court on an appeal from a final decree in behalf of the plaintiffs below entered by the Circuit Court of Alachua County, Florida. The record discloses that Sam Kart and wife, Josiphen Kart, were indebted to F. B. Irons and on November 16, 1925, executed and delivered three promissory notes for the sum of $1,333.33 each, maturing in December, 1926, November, 1927, and November, 1928, respectively. The notes were secured by a mortgage on certain real estate situated in Gainesville, Florida, and accurately described in the bill of complaint.

During the year 1932 Sam Kart and Josiphen Kart separated and entered into a settlement agreement, which was signed by the parties and filed in evidence in the cause.

She received a deed to certain described property, while the husband received a deed to other property, but the deeds were executed and delivered subject to the aforesaid mortgage. Sam Kart received a deed to unimproved property, while Josiphen Kart's deed described improved property, or a home in which she continued to reside. There is a dispute or conflict in the testimony as to whether the mortgage should be paid by Sam Kart or Josiphen Kart.

On October 13, 1927, F. B. Irons assigned and transferred to the Standard Fertilizer Company a one-third interest in and to the mortgage and subsequently died, when his legal representative transferred and assigned the remaining two-thirds interest in and to the notes and mortgage to the Standard Fertilizer Company. Sam Kart and S. L. Scruggs purchased from the Standard Fertilizer Company the notes and mortgage and then instituted foreclosure proceedings in the Circuit Court of Alachua County, Florida.

An answer was filed and considerable testimony was taken and there is some evidence in the record to the effect that the notes and mortgage had been paid. Mrs. Josiphen Kart testified that she had advanced money from her grocery store to Mr. Baird, an officer of the Standard Fertilizer Company, sufficient in amount to pay the notes and mortgage, but Mr. Baird testified that the total amount of all payments on the mortgage to him by her was the sum of $420.39. There is evidence to the effect that Mr. Baird admitted to some one or two disinterested witnesses that the notes and mortgage had been fully paid.

The question for a decision here is whether or not there is sufficient evidence in the record to sustain the findings of fact as made by the lower court as expressed in the final decree. We are compelled to answer this question in the

affirmative. The findings of fact as made by a chancellor will not on appeal be disturbed by this Court unless clearly erroneous. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc., v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

The decree appealed from is hereby affirmed.

WHITFIELD, J., concurs.