57 So.2d 844 (1952)
TOWN OF SURFSIDE
v.
NORMANDY BEACH DEVELOPMENT CO.
Supreme Court of Florida, Division B.
March 25, 1952.
Rehearing Denied May 20, 1952.
Copeland, Therrell & Baisden, Miami Beach, and Frank J. Kelly, Miami, for appellant.
Anderson & Nadeau, Miami, for appellee.
CHAPMAN, Justice.
The Town of Surfside was established by Chapter 17677, Sp.Acts of 1935, Laws of Florida. The Normandy Beach Development Company for several years had owned land which was incorporated within the municipality. The tract involved in this suit is unplotted and lies at the intersection of Collins Avenue, 88th Street and 88th Terrace of the Town of Surfside. The Town adopted Ordinance No. 41 which restricted the use by the owner of the unplotted tract above referred to. The zoning ordinance limited the use of the property to a R-2 classification, being a one or two family unit dwelling structure. It appears by the evidence that the tract, when used according to the zoning ordinance, would have or possess little value on the real estate market, but if it could be used for business purposes it would have a market value of approximately $20,000.
Situated to the east of the property is the Coronado Hotel, a structure of approximately *845 six stories and containing many rooms; situated to the west is vacant property zoned for apartments and hotels, and to the north of the lot here involved are located two-story apartment buildings. Directly south of the lot lies Collins Avenue. It was suggested that the tract in question would make an ideal park for the town, but no effort was made by the town to acquire the property or have it dedicated to the public for park purposes. We find very little testimony in the record to sustain the purpose for which it was zoned by Ordinance No. 41. The town has increased in population, numerous houses of different character have been constructed since the adoption 13 years ago of Zoning Ordinance No. 41. The property in question has remained vacant because of the Zoning Ordinance. It was established that the property should be used, first, as a public park area; and, second, as a modern type of gasoline station. The Town has made no effort to acquire the property for park purposes. The owner has paid taxes on the same for many years.
Suit was brought by the owner against the Town of Surfside to remove the zoning restriction imposed by Ordinance No. 41. The testimony of the respective parties was heard by a Special Master and on final hearing the Chancellor decreed that Zoning Ordinance No. 41, in its application to the property of the plaintiff-appellee, was arbitrary and unreasonable and invalidly zoned. It was further ordered that the Town of Surfside issue a permit which would allow the owner to construct upon the lot a gasoline service station. The Town of Surfside appealed.
We have reviewed the evidence and find sufficient testimony in the record to sustain the conclusions of the Chancellor as expressed in the final decree. The appellant has not carried the burden of showing that the Chancellor abused his discretion in settling the disputes and conflicts in the evidence in behalf of the plaintiff-appellee. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497.
It is next contended that the plaintiff below was not in a position to maintain the case at bar because he failed to exhaust his administrative remedy prior to the institution of the suit in the Court below so as to bring the cause within the holding in De Carlo v. Town of West Miami, Fla., 49 So.2d 596. Our answer to this contention is that the Chancellor below was never given an opportunity to rule on this point because the defendant-appellant never raised the question below but raised it here on appeal for the first time. The Town waived the point below and cannot now be heard on this issue for the first and only time on appeal.
Affirmed.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.